(129 So. 807)

## STINSON v. EXCHANGE BANK & TRUST CO.

### No. 30349.

July 2, 1930.

Rehearing Denied July 19, 1930.

Lee & Gilmer, of Shreveport, for appellant.

Pugh, Grimmet & Boatner and Fred Simon, all of Shreveport, for appellee.

O'NIELL, C. J.

The plaintiff has appealed from a judgment rejecting her demand and dismissing her suit to annul a pledge of two mortgage notes, which she contends are her separate and paraphernal property, and which she pledged to secure a debt of her husband. The pledge was made in January, 1927, under authority of Act No. 132 of 1926, p. 207, purporting to authorize a married woman to mortgage or pledge her separate and paraphernal property for her own benefit or for the benefit of her husband, and to bind and obligate herself as surety for her husband or for any other person. The plaintiff pleaded that the act of 1926 was unconstitutional in so far as it purported to authorize married women to bind or obligate themselves personally, or except with reference to their separate and paraphernal property, because the title of the act was not indicative of such a purpose. The district judge ruled that the act was unconstitutional, but, after hearing the evidence, decided that the property which the plaintiff had mortgaged to secure the payment of the two notes which she pledged was not her separate or paraphernal property but community property. It was for that reason that the judge rejected the plaintiff's demand and dismissed her suit.

We have concluded that the judgment appealed from is correct, not because the notes which the plaintiff pledged to secure her husband's debt were community property, but because Act 132 of 1926, authorizing a married woman to bind and obligate herself for a debt of her husband, was valid legislation. The act has been superseded by Act No. 283 of 1928, p. 548, containing substantially the same provisions that were contained in the act of 1926. The evidence leaves some doubt as to whether the real estate which the plaintiff mortgaged to secure the

two notes in contest was her paraphernal property or community property. But that is a matter of no importance if Act No. 132 of 1926 was not unconstitutional.

The sixteenth section of article 3 of the Constitution 1921 requires that every statute shall have a title indicative of its object. It is conceded by counsel for appellant that the title of Act No. 132 of 1926 was indicative of its object in so far as it authorized married women to enter into any kind of contract having reference to their separate or paraphernal property; but it is contended that the title of the act was not indicative of the object or purpose of authorizing a married woman "to bind and obligate herself personally or as surety for her husband or any other person." Section 1. The title of the act was worded thus: "To define the capacity of, and to authorize married women to enter into contracts relating to their separate and paraphernal property and with reference to suits by and against them, and to repeal all laws, or parts of laws in conflict herewith." It is virtually conceded by counsel for appellant that, if the words "married women" had been inserted, instead of the comma (,), after the expression, "To define the capacity of," the title of this act would be indicative of the object or purpose of defining the capacity of a married woman so as to confer upon her the capacity "to bind and obligate herself personally or as surety for her husband or any other person." Our opinion is that the punctuation—the comma (,) after the expression "To define the capacity of," leaves no doubt that the meaning was "To define the capacity of married women," not only to enter into contracts having reference to their separate and paraphernal property, but to enter into any such contracts as might be mentioned in the text of the statute.

In this suit, however, the plaintiff is not concerned with the question of constitutionality of the act of 1926 except in so far as it authorized a married woman to mortgage or pledge her separate or paraphernal property to secure a debt of her husband. To that extent the statute was surely constitutional.

For the reason stated, the judgment appealed from is affirmed.