(132 So. 501)

## HOWARD v. CARDELLA et ux.

No. 30740.

Feb. 2, 1931.

Theo. Cotonio, Jr., and Theo. Cotonio, both of New Orleans, for appellant.

Joseph Rosenberg, of New Orleans, for appellee.

ST. PAUL, J.

Plaintiff sued the defendants, Matteo P. Cardella and Mrs. Eva Benson, his wife, on two notes signed by them jointly and severally, and secured by mortgage on property real and personal belonging to the community of acquêts and gains existing between them.

There was judgment below against the husband for the full amount claimed and recognizing the mortgages securing the notes. From this judgment the husband has not appealed.

As to the wife the trial judge refused plaintiff a personal judgment for the amount of the notes. And from this judgment the plaintiff appeals.

The only defense set up by the wife is that the debt sued upon was a debt of the husband and of the community, and that she cannot be held responsible for the same.

As we have said, the suit is upon notes signed by the wife as well as by the husband. So that the wife has bound herself personally thereon, if it was legal for her to do so.

As the debt was a debt of her husband, she could not have done so prior to the passage of Act No. 132 of 1926, p. 208 (re-enacted by Act No. 283 of 1928, p. 548). For prior to that time she could not bind herself for the debts of her husband. Rev. Civ. Code, art. 2398; Act No. 94 of 1916, Lorio v. Gladney, 147 La. 930, 86 So. 365; Act No. 244 of 1918; Hicks Motor Co. v. Caldwell, 148 La. 21, 86 So. 598; Act No. 219 of 1920.

But, by the express terms of Act No. 132 of 1926, p. 208 (re-enacted by Act No. 283 of 1928, p. 548), a married woman is expressly authorized "to bind and obligate herself personally or as surety for her husband or any other person." And hence, "as she may bind herself for the benefit of her husband, who is by law the head and master of the community, and responsible for its debts, by reasonable implication she may bind herself for a debt of the community, for such a debt is the husband's debt." Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, 557.

We are therefore of opinion that plaintiff was entitled to personal judgment against the wife as well as against the husband.

### Decree.

The judgment appealed from is reversed in so far as it rejects plaintiff's demand for a personal judgment against the wife, and it is now ordered that there be judgment in favor of plaintiff, Sam Howard, and against defendant Mrs. Eva Benson, wife of Matteo P. Cardella, in the full sum of $2,415.18, with 8 per cent. per annum interest on $2,058.13 from February 19, 1928, and like interest on $357.05 from December 6, 1928, together with 10 per cent. attorney's fees on said principal and interest, and $12 for cost of certified copies of acts; and also recognizing the special and chattel mortgage granted in favor of any holder of said notes by two acts passed before Theodore Cotonio, notary public, on May 25, 1928, and another act also passed before Theodore Cotonio, notary public, on December 6, 1928, and which acts are recorded in Book 1386, folio 188, Book 1388, folio 92, and Book 1398, folio 48, of the mortgage office of this parish; and for all costs of both courts.