## BREELAND et ux. v. GREAT STATES INS. CO.*
### No. 1143.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

Bascom D. Talley, of Bogalusa, for appellant.

Benj. W. Miller, of Bogalusa, for appellee.

MOUTON, Judge.

Defendant company issued a fire insurance policy to Mrs. William M. Breeland, wife of William Breeland, on December, 1930, for $950 to cover household furniture which was destroyed by fire on July 9, 1931.

Suit was brought by Mr. and Mrs. William Breeland against defendant company for the recovery of $950, face value of the policy, also for $250, penalty for attorney's fees, with interest from July 9, 1931.

Judgment was rendered in favor of plaintiff, Mrs. William M. Breeland, for $950, $150 for attorney's fees, with legal interest thereon from July 9, 1931.

Defendant company filed an exception, asking which of the two plaintiffs should prosecute this action against it. This exception to elect being overruled, defendant filed another exception claiming that, William M. Breeland having, contrary to the terms of the policy, refused to submit to an examination, the proceedings should be stayed until he had complied with that condition of the contract. An exception of no cause or right of action was also filed by defendant.·

In rendering its judgment, the court sustained the exception of no right or cause of action as to William M. Breeland, who was therefore eliminated from the case, thus making it unnecessary for us to consider the motion to elect and the exception to stay the proceedings.

The discussion of the controverted issues will therefore be restricted to the contentions urged by plaintiff Mrs. William M. Breeland and defendant company.

Defendant company contends that the furniture covered by the policy was an asset of the community; that Mrs. William M. Breeland, being the only plaintiff, her husband having been eliminated from the suit, could not recover judgment therefor, as such a suit should be brought by the husband as head and master of the community.

The proof shows that Mrs. Breeland received $300 from her father and bought the furniture, applying that amount as an initial payment on the purchase price. It does not appear what was the price paid for the furniture and how much remained for the credit portion after the payment of the $300.

---

*Rehearing granted May 22, 1933.

Mrs. Breeland says the weekly payments were paid by her as she could, and, if she could not, were made by her husband.

■ The testimony may not be full and explicit on this issue, but we think it is sufficient to show that the furniture so purchased was the separate property of Mrs. Breeland and was not a community asset. If the defendant company were a creditor of Mr. Breeland, we could see its interest in having the property declared as an asset of the community that it might be subjected to its rights, as a creditor.

Under the allegations of the petition, in which Mr. and Mrs. Breeland joined as plaintiffs, we do not think that defendant company could be made to pay a second time to Mr. Breeland, if the judgment obtained by Mrs. Breeland was satisfied by defendant company. The only interest that defendant can have is to avoid such a second payment.

■ However that may be, looking at the case from the point of view taken by the district judge, the defendant is protected from the result above indicated and which gives Mrs. Breeland a right of action for recovery under the policy. We refer to that part of the opinion of the court below where it said that, as Mrs. Breeland could obligate herself under the contract of insurance, it followed as a logical consequence that she had the right to sue in her own name to recover the benefits under that agreement, citing, in support of that conclusion, Act No. 283, 1928; Mathews Bros. v. Bernius, 169 La. 1070, 126 So. 556; Howard v. Cardella, 171 La. 921, 132 So. 501.

In the case, 171 La. 921, 132 So. 501, Mr. and Mrs. Cardella gave two notes to plaintiff signed by them jointly, secured by a mortgage on real and personal property belonging to the community existing between them. Judgment was rendered against the husband in favor of mortgagee, plaintiff, for the full amount claimed, with recognition of the mortgage, but the court refused to give plaintiff a personal judgment for the amount of the notes sued upon against the wife. The court held in that case that the debt incurred by the issuance of the notes was a debt of the husband or of the community, and that the wife could legally bind herself for that obligation of the community. In that case the mortgage against the community property was recognized and which subjected it to a sale for the satisfaction of a community debt.

In this case the wife could have been held liable for the premium, if any had been due, and the assets belonging to the community could have been sold to pay the debt thus incurred. Such being the legal situation, why should the wife not have a right of action to recover the value of the furniture insured, though an asset of the community, if such was

the status of the property covered by the policy.

As she can bind the community property for the debt of her husband, or of the community, it follows that she can recover the value for assets of the community under an insurance policy, and for such recovery can institute the suit in her individual name, under the provisions of Act No. 283, 1928, which has relieved married women from all their former incapacities and disabilities, permitting them to appear in courts of justice without the authorization of their husband or the judge.

The objection of the defendant of no right or cause of action urged against Mrs. Breeland was correctly overruled. Defendant contends also that the furniture destroyed by the fire was the property of her husband and not of Mrs. Breeland.

The proof is that Mr. Breeland, before his marriage to Mrs. Breeland, was living with his cousin, Mr. Jack Breeland, and had some furniture stored up in the house where they were living. The furniture insured by Mrs. Breeland was bought after her marriage on which she took the policy and which was not issued to cover the furniture her husband had previously acquired. Hence there is no force in the contention of defendant that the policy was issued to insure the furniture of Mr. Breeland.

The contract of insurance has the usual stipulation providing for the avoidance of the entire policy if the "insurance be personal property and be or become incumbered by a chattel mortgage." It is contended by defendant that this stipulation of the contract was violated, and that this violation operated a forfeiture of the policy.

■ The proof shows that Mr. Breeland gave two mortgages on his own furniture which had been stored away from the furniture of his wife which was not intended and in no way affected her furniture on which she had taken the policy sued upon. As it was her paraphernal property, it could not have been affected by these mortgages, even if Mr. Breeland had granted the mortgages on his wife's furniture, as she knew nothing about the granting of the mortgages, never consented thereto, or acquiesced therein. The fact is, however, that the mortgages were given on Mr. Breeland's furniture and not on that of his wife. Even if the furniture bought by Mrs. Breeland had been community property, the mortgages could not have affected it, as they were granted on the old furniture which Mr. Breeland owned before his marriage. The proviso in the contract of insurance to personal property incumbered or to become incumbered obviously had reference to the furniture upon which Mrs. Breeland took the policy. As the mortgages were granted by the husband on other property, these mortgages

could not affect the policy issued to Mrs. Breeland whether the furniture covered by that policy was her paraphernal property or belonged to the community.

We find no merit in the contention that either of the two chattel mortgages, above referred to or any other, incumbered the furniture of Mrs. Breeland when the policy was issued to her, or at any time subsequent thereto.

Another contention of defendant is that part of the furniture of Mr. Breeland was covered by the policy.

■ Mrs. Breeland, the evidence shows, bought some of her furniture from the Cohen Furniture Company. She testified that she had traded some of the old stuff or furniture of her husband for the furniture she got from the Cohen Furniture Company, for how much she could not say, but thought about the value of $30. The furniture so acquired by Mrs. Breeland in this exchange with the Cohen Company must have constituted a part of the furniture covered by her policy. She also said she thought a few pieces of the old furniture had been moved to the new house she was occupying, but did not remember what they were, and she said nothing about their value.

While, as we have stated, it must be presumed the furniture she obtained from the Cohen Company, worth about $30, must be taken as being part of her furniture covered by the policy, there is no proof to indicate that the pieces of the old furniture, above referred to, were included in the policy, or, if they were, that they had any value, and which therefore cannot be of any effect in the solution of the issues presented herein. We entertain no doubt that in taking the policy on her furniture, in which was included some pieces of furniture she had received from Cohen Company for the old furniture of her husband, Mrs. Breeland did not intend to defraud the insurance company by obtaining any insurance on property that she considered did not belong to her.

Counsel for defendant has referred us to no authority holding that a policy of insurance should be forfeited because a part of the property belongs to another than the insured, particularly when it is of such inconsequential value and there has been no intention by the insured to take advantage of the insurer.

Defendant company has no cause for the avoidance of the policy on the ground above stated.

Counsel for defendant refers to several authorities holding that, if the property "be or becomes incumbered," it is material to the risk and necessarily increases the physical or moral hazard and effects a forfeiture of the policy.

This question does not arise in the case, as it nowhere appears that Mrs. Breeland had any incumbrance on her furniture when the policy was issued, gave none thereafter, nor did her husband, and, if he had, it could not affect the policy, because, if any mortgage or incumbrance had been granted by her husband, it would have been given without her knowledge, consent, or acquiescence, and by which she could not be bound.

■■ Mrs. Breeland admitted she had given her sworn testimony in reference to this case in the office of counsel for defendant. Counsel proceeded to question her about the testimony so given to which counsel for plaintiff objected, as there was no opportunity offered for cross-examination. The court ruled the testimony out, holding that Mrs. Breeland could not be impeached by statements made out of court.

The rule is that a party litigant who examines his opponent does not vouch for his credibility and is not estopped from impeaching his testimony. From the question asked Mrs. Breeland and her answer thereto, we do not think it could have destroyed the reliability of her testimony on the material issues presented, and would have been prejudicial to the defendant company, and, though the exclusion of Mrs. Breeland's statement might have been erroneous, there is no cause requiring us to remand the case. Besides, we find in the brief of counsel reference to the statements of Mrs. Breeland so offered in evidence which he says was not admissible, and then says: "And for that reason, I have copied part of it in this brief and am annexing to the original of this brief the full testimony. I mean no disrespect to the Judge but feel that if this is not right the Court will disregard it." Across the above-quoted statement in the brief, we find in bold red letters the words, "Not used." We find no prejudicial error in the exclusion of the statements so made by Mrs. Breeland.

■ It is also contended by defendant that plaintiff is not entitled to recover because no proof of loss was furnished defendant insurer.

On this issue the court said: "It is shown that the adjuster called on the insured and her husband to investigate the loss. The insured was examined under the policy. No blanks were ever furnished by which to make proof of loss. The insurer had due notice of the loss, and it was therefore the duty of the defendant to furnish blanks for such proof of loss, and in its failure to do so, the insurer must be considered as having waived such proof of loss. Act 168 of 1908; Thompson v. State Assurance Co., 160 La. 683, 107 So. 489."

We find no error in this finding of the court.

■ The court held that plaintiff had to prove the amount of the loss and had shown that the property destroyed was worth considerably more than the amount of the policy,

and in which we find no error. As the property destroyed exceeded much in value the amount of the policy, no diminution in the amount claimed should be made on account of the furniture worth about $30, which Mrs. Breeland said she had obtained from Cohen Company for some pieces of the old furniture belonging to her husband.

■ The defendant company was therefore correctly held liable for $950, with attorney's fees fixed at $150, being a fair allowance, and which should not be increased to $250, as contended for by plaintiff.

Judgment affirmed.