150 So. 833

### UNITED LIFE & ACCIDENT INS. CO. v. HALEY et ux.

No. 32142.

Oct. 30, 1933.

Hakenyos, Provosty & Staples, of Alexandria, for appellant.

Couvillon & Couvillon, of Marksville, for appellees.

O'NIELL, Chief Justice.

On the 2d of August, 1926, Anselm E. Haley and his wife borrowed $2,400 from the Security Mortgage Company, for which they gave their promissory note, together with a series of notes for $144 each, representing the annual interest on the loan at 6 per cent. Each note contained a stipulation for the payment of interest at 8 per cent. per annum after maturity and for the payment of 10 per cent. attorney's fees if it should become necessary to employ an attorney to collect the note or any part of it. At the same time, Haley and his wife gave a special mortgage on three tracts of land, belonging to the matrimonial community between them, to secure the payment of the notes and the interest and

attorney's fees. The United Life & Accident Insurance Company acquired all of the notes, in due course, for a valuable consideration, before maturity. The interest notes of $144 each were all paid at maturity, except three of them. The United Life & Accident Insurance Company brought this suit against Haley and his wife, praying for a judgment against them in solido for $2,400, with interest at 8 per cent. per annum from maturity, November 1, 1929, and for the $432 represented by the three unpaid interest notes of $144 each, and for 10 per cent. attorney's fees on the total amount of the principal and interest claimed. There was no prayer for the 8 per cent. interest on the three notes of $144 from their maturity. The plaintiff prayed for recognition of the mortgage on the property.

Anselm E. Haley did not answer or defend the suit. Judgment was rendered against him by default for all that was sued for. Mrs. Haley filed an answer, admitting the facts alleged in the petition, but denying personal liability for the debt, on the ground, first, that she could not bind herself personally with her husband for a community debt, and, second, that she had signed the act of mortgage and the notes for the purpose only of waiving the homestead exemption on the property mortgaged, and without intending to become liable personally for the debt. After trial of the case on its merits, as to Mrs. Haley, judgment was rendered in her favor, rejecting the plaintiff's demand for a personal judgment against her. The plaintiff has appealed from that judgment. There was no appeal from the judgment that was rendered by default against Anselm E. Haley. The only question therefore is whether Mrs. Haley is liable personally for the debt.

The case was submitted on a statement of facts admitted by all parties. With reference to Mrs. Haley's plea that she signed the act of mortgage and the notes only for the purpose of waiving the homestead exemption, and without intending to be personally bound for the debt, it was admitted that she and her husband, if called to the witness stand, would testify that Mrs. Haley signed the notes and the act of mortgage only for the purpose of waiving the homestead exemption, and without intending to bind herself personally for the debt. That defense, however, cannot prevail, because it was admitted also that the plaintiff had acquired the notes in due course, for a valuable consideration, before maturity. Mrs. Haley's signature appears on the face of the notes, as one of the makers; and hence, as to the holder in due course, she is liable as one of the makers of the notes. Whatever may have been her intention in signing the act of mortgage, there was no necessity for her signing the notes for the purpose of waiving the homestead exemption, or for any other purpose than to become liable as one of the makers of the notes. Our opinion is that Mrs. Haley is liable personally as one of the makers of the notes, if a married woman can legally bind herself personally with her husband for the payment of a community debt.

That question depends upon the provisions of Act No. 132 of 1926, which was the prevailing statute on the subject when the notes and mortgage were given. Mrs. Haley's attorneys contend, and the district judge maintained the contention, that, although the statute permits a married woman to bind herself and her separate estate for the benefit of her husband or of the community, it

does not permit a married woman to bind herself personally with her husband. The argument is founded upon an expression of this court in the opinion rendered in Matthews Bros. v. Bernius, 169 La. 1075, 126 So. 556, 558, viz.:

"Generally speaking, but excepting the right to contract with their husbands, married women have, under the Act of 1926, as much power to contract debts as if they were single, though not so as to bind the community, or interfere with the husband's rights as head and master thereof."

Mrs. Haley's attorneys and the district judge have construed the expression, "excepting the right to contract with their husbands," as meaning that a married woman cannot bind herself personally by signing with her husband a contract between him and a third party; but it is plain, particularly from other expressions in the opinion referred to, and from the ruling itself, that what was meant by the expression, "excepting the right to contract with her husband," was, not that a married woman could not sign with her husband in a contract between him and a third party, but that she could not enter into a contract with her husband, she to be one of the contracting parties and he the other. After quoting Act No. 132 of 1926 in full, in Matthews Bros. v. Bernius, it was said:

"It is obvious from section 1 of this act that a married woman has the right, not only to bind herself and her separate property for her benefit or for the benefit of a third person, without the authorization of her husband, but also to bind herself and her separate property for his benefit. As she

may bind herself for the benefit of her husband, who is by law the head and master of the community, and responsible for its debts, by reasonable implication she may bind herself for a debt of the community, for such a debt is the husband's debt."

In Howard v. Cardella, 171 La. 921, 132 So. 501, the plaintiff sued Cardella and his wife on two promissory notes signed by them, and secured by a mortgage on property belonging to the matrimonial community. The only defense set up by the wife was that she could not bind herself personally for a debt of her husband, or of the community. The district judge sustained the defense, but this court reversed the judgment, and held that, by the express terms of Act No. 132 of 1926, a married woman was authorized to bind and obligate herself personally, as surety, for a debt of her husband, or of the community.

It is argued by the attorneys for Mrs. Haley that Act No. 283 of 1928 is a legislative interpretation of Act No. 132 of 1926, and of our ruling in Matthews Bros. v. Bernius, as meaning that, under the act of 1926, a married woman could not bind herself personally with her husband for an obligation in favor of a third party. In support of the argument, it is contended that the act of 1928 has not made any other change in the law on the subject. We do not find any expression in the act of 1928 suggestive of the idea that the Legislature construed our ruling in Matthews Bros. v. Bernius as the district judge has construed it in this case. The act of 1928 made some changes in the language of the act of 1926. For example, where the act of 1926, in section 3, declared that the rights granted by the statute should

not apply to married women under the age of 18 years, or to married women who were interdicted, the act of 1928 provides, in section 4, merely that the statute shall not apply to married women under the age of 18 years, but deemed it unnecessary to mention interdicts. And, where the act of 1926 provided, in section 4, that nothing contained in the act should be construed so as to affect in any way the statutes of this state establishing and regulating the matrimonial community, or prescribing what should be deemed separate property of the spouses, the act of 1928 provides merely, in section 5, that nothing contained in the act shall modify or affect the laws relating to the matrimonial community, but says nothing about the separate property of the spouses.

In Stinson v. Exchange Bank & Trust Company, 171 La. 169, 129 So. 807, it was suggested that the purpose of the act of 1928 was to remedy a supposed defect in the title of the act of 1926, which rendered the constitutionality of the act of 1926 questionable. The title of the act of 1928 is more accurate and complete than the title of the act of 1926, and the text of the act of 1928 is plainer and more vigorous than that of the act of 1926. We are not concerned, however, with the purpose that the Legislature had in enacting the statute of 1928. It is sufficient to say that there is no indication in the statute that the Legislature misconstrued what this court said in Matthews Bros. v. Bernius,

with reference to Act No. 132 of 1926. Our conclusion is that Mrs. Haley is liable as a maker of the notes sued on.

We observe, however, that there is no expression in the notes sued on, or in the act of mortgage, declaring the makers of the notes liable in solido. Mrs. Haley's liability, therefore, is for only half of the debt, and is subject, of course, to a reduction to the extent of half of whatever the plaintiff shall collect by seizure and sale of the mortgaged property.

The judgment appealed from is reversed, and it is ordered, adjudged, and decreed that the plaintiff, United Life and Accident Insurance Company, shall recover of and from Mrs. Maggie Morgan Haley, wife of Anselm E. Haley, one-half of whatever sum may remain unpaid, of the sum of $2,400, plus interest thereon at 8 per cent. per annum from November 1, 1929, and plus $432, and 10 per cent. on the total of said principal and interest, after the plaintiff shall have collected whatever sum the plaintiff can collect by seizure and sale of the mortgaged property described in the act of mortgage sued on, dated the 2d of August, 1926, and recorded in the Mortgage Records, volume 104, page 586, in the office of the recorder of mortgages for the parish of Avoyelles. It is further decreed that Mrs. Maggie Morgan Haley is liable in solido with her husband, Anselm E. Haley, for the court costs incurred in this suit.