## ALPHA v. AUCOIN.*
### No. 16204.

Court of Appeal of Louisiana. Orleans.

May 4, 1936.

Dart & Dart, Robert Ewing, Jr., and Leo J. Dubourg, all of New Orleans, for appellant.

S. T. Darden, of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff, a practicing attorney in the city of New Orleans, brings this suit on a quan-

tum meruit for professional services claimed to have been rendered to the defendant. It is alleged that the total value of the services performed was the sum of $2,000.

The defendant excepted to the petition on the ground that it did not state a right or cause of action. This exception was overruled by the trial court, and, after answer filed, the case was heard, resulting in a judgment in favor of plaintiff in the sum of $500. The defendant has appealed, and plaintiff has answered the appeal, praying for an increase in the award.

At the outset we are confronted with the problem of determining the soundness of the exception of no cause of action.

The petition alleges in substance as follows:

On February 6, 1933, the defendant consulted the plaintiff professionally regarding the advisability of shifting certain money belonging to the community of acquets and gains existing between her husband and herself from certain banks in New Orleans, where said money was deposited, to other banks, due to the fact that, at that time, several banks in New Orleans were in an unstable condition. The plaintiff, after several conferences, advised the defendant concerning the protection of the money of the community, and his advice was adopted by the defendant. Plaintiff values this service at $500.

It is further alleged that on February 14, 1933, suit was entered by the defendant's husband against her in the civil district court, for divorce upon the ground of adultery, seeking also a dissolution and division of the community, and that a restraining order was granted enjoining the defendant from disposing of any community property existing between the spouses.

It is averred that the defendant employed the plaintiff to defend her in the aforesaid action, and that accordingly he prepared an answer to the rule nisi which was filed in that case. It is further alleged that the restraining order had the effect of tying up some $80,000 or $90,000 of money and property which belonged to the community, inclusive of all funds necessary to carry on the business of the "Aucoin Perfume Company," which was operated by the defendant, that the defendant's husband was an invalid, and that the business of the "Aucoin Perfume Company" was under the control and management of the defendant.

After the plaintiff had been engaged by the defendant and had filed the answer to the rule nisi in the divorce action, he was discharged by the defendant on the day the rule was fixed for trial. For the services rendered in the divorce action plaintiff claims $1,000.

It is further alleged that, during the time the divorce proceedings were instituted, the plaintiff had many conferences with the defendant having reference to the defense to be interposed in the divorce case, and the defendant insisted that her husband was under the illegal influence of certain persons in Mississippi, being illegally restrained from his liberties, and that she directed the plaintiff to draw a habeas corpus proceeding in her name to be filed in the United States District Court at Gulfport, to the end that her husband be released from the custody of the persons detaining him. The plaintiff, in accordance with the instructions of the defendant, prepared a petition of habeas corpus to be filed, but the same was never instituted because of the fact that the plaintiff was, without just cause, discharged by the defendant. For the services rendered in preparing the habeas corpus proceeding the plaintiff claims the sum of $500.

We are informed by counsel for both plaintiff and defendant, in their briefs, that the judgment below for $500 was based upon the work performed in the divorce proceedings, although it does not appear in the judgment that the trial court was of opinion that no recovery could be had for the services alleged to have been performed in the advice given regarding the shifting of bank deposits and the preparation of the habeas corpus proceeding.

In view of the foregoing, it is pertinent that we consider the three items of professional services claimed separately.

The defendant contends that the items of $500 each, for professional services rendered in the shifting of bank deposits and the preparation of the habeas corpus proceeding, was a community debt for which recovery may be had only as against the husband, as head and master of the community. It is likewise asserted that the claim for services rendered in the divorce proceeding is a community debt and that the cause of action may be only filed against the husband in the same capacity.

The items claimed by the plaintiff for services rendered in the shifting of bank deposits and in preparation of the habeas corpus proceeding were contracted by the defendant during the existence of the com-

munity and for the benefit of the community.

By a succession of legislative enactments with a view of relieving married women from disabilities imposed under the articles of the Civil Code, culminating in the passage of Act No. 283 of 1928, married women are now permitted to contract obligations on behalf of the community. Moreover, under the provisions of the law as it now exists, a married woman may bind herself personally for the debts of the community. See United Life & Accident Ins. Co. v. Haley et ux., 178 La. 63, 150 So. 833. However, it has been held in the case of Wilson & Gandy v. Cummings (La.App.Second Circuit) 150 So. 436, that, in order to hold the wife individually liable for a community debt, the proof must be clear and convincing that it was her intention and purpose to become personally responsible.

The petition in this suit, in respect to the items claimed for services rendered in the shifting of bank deposits and in the preparation of the writ of habeas corpus, does not allege that the defendant intended to become personally liable for the services rendered, which were, undoubtedly, community debts, and, unless there are other allegations contained therein disclosing personal responsibility for these two items of service claimed, the exception is well taken.

We find that, by supplemental petition filed on January 15, 1935, it is alleged in substance that, at the time of the filing of the suit, the community of acquets and gains formerly existing between the defendant and her husband was dissolved by the judgment of divorce rendered, and that the defendant accepted the community and received, as her share of the same, community property valued at nearly $50,000. The community being dissolved and the defendant having accepted the same, she is liable for one-half of the debts thereof contracted during the marriage and not acquitted at the time of its dissolution, under the provisions of article 2409 of the Civil Code. See, also, Act No. 4, section 1 of 1882. Accordingly, if the value of the services rendered in shifting the bank deposits was $500, the defendant is liable for one-half thereof. The same is true with reference to the item claimed for services rendered, valued at $500, in preparing the habeas corpus proceeding.

We are therefore of the opinion that the exception of no cause of action as to the two items claimed of $500 each was properly overruled, but defendant's liability in respect thereof is limited to one-half of the amounts claimed.

We next consider the exception of no cause of action in regard to the fee claimed for services rendered to the defendant in the defense of the divorce proceeding brought by her husband, which is alleged to be valued at $1,000.

In determining this question, it is only necessary to consider whether the debt contracted was one for which the defendant was individually liable for the total claim, because we have previously found that, even though it is a community debt, upon dissolution of the community the wife would be liable for one-half of the value of the services rendered.

Article 2432 of the Civil Code provides: "The judgment which pronounces the separation of property, is retroactive as far back as the day on which the petition for the same was filed."

And in Gastauer v. Gastauer, 143 La. 749, 750, 79 So. 326, 328, the Supreme Court said: "The judgment in the suit in separation from bed and board retroacted to the date of the filing of that suit (Civ.Code, art. 2432); hence the costs of that suit, $214.60, which the husband was condemned to pay (132 La. [941], 942, 61 So. 879), are not chargeable to the community, but to the husband separately."

In the case at bar it is alleged and shown by the proceeding entitled "James Maples Aucoin v. Mrs. Mamie Celeste Ortego Aucoin, his wife," No. 201027 of the civil district court for the parish of Orleans, that judgment of divorce was entered on May 15, 1933. The judgment of divorce had the effect of dissolving the community and, under the provisions of the Code, the judgment was retroactive to the date on which the petition for divorce was filed. Plaintiff alleges that he was employed by the defendant after the filing of the divorce proceedings. It accordingly follows that the value of any services rendered by him in the defense of the case was not a debt for which the community is responsible, but one for which the defendant is individually liable.

Counsel for defendant insists that, under the jurisprudence, the obligation to pay attorney's fees of the wife is one for which the community alone is responsible. He relies upon the cases of Benedict v. Holmes, 104 La. 528, 29 So. 256; Gosserand

v. Monteleone, 164 La. 397, 402, 113 So. 889; Balfe v. Balfe, 165 La. 283, 284, 115 So. 489; Spiller v. Spiller, 170 La. 813, 129 So. 212; Lester v. Lester, 160 La. 708, 107 So. 499; and Starns v. Starns, 176 La. 610, 146 So. 165. We shall consider these cases separately.

In Benedict v. Holmes, supra, the suit was by the attorney for the wife who had successfully prosecuted to judgment a suit against the husband for separation from bed and board. The court held that the attorney's fee was a community debt and that suit might be maintained against the husband for recovery of the same.

In Gosserand v. Monteleone, supra, the wife had brought suit against the husband. After the filing of the suit, a reconciliation was effected between the parties. The attorney for the wife then brought suit against the husband as head and master of the community for his fee. The Supreme Court held that the claim was a debt of the community and that the husband was liable. It will be observed that in that case the community was never dissolved and that the case was decided before the passage of Act No. 283 of 1928.

In Balfe v. Balfe, supra, the wife was the successful litigant in an action for separation from bed and board, and the court held the husband responsible for her attorney's fee.

In Spiller v. Spiller, supra, the wife was unsuccessful in her proceeding for separation from bed and board. The court held that she could not be allowed judgment for attorney's fees against her husband, but recognized the fact that the attorney for the wife could bring a suit against the husband, as head and master of the community, for services rendered.

In Lester v. Lester, supra, the wife was the successful litigant, and the attorney's fees were taxed against the husband.

In Starns v. Starns, supra, the wife was unsuccessful in her suit, and it was held that, while she might not recover her attorney's fees, the attorney for the wife had the right to sue the husband on a quantum meruit for the services rendered.

The foregoing cases are all distinguishable from the case at bar. Summing up the holdings of the Supreme Court, it will be seen that, if the wife is successful in the divorce proceeding, she is entitled to a judgment against her husband for reasonable attorney's fees. On the other hand, if the wife is unsuccessful in her action and the community of acquets and gains is not dissolved, then the attorney for the wife has a cause of action against the husband, as head and master of the community, upon a quantum meruit for services rendered, upon the theory that this is a community debt.

The suit at bar, however, is a suit by the attorney for the wife against her, individually, for services rendered in a divorce proceeding in which she was the unsuccessful litigant. As a result of the action taken by her husband, the community was dissolved.

In our opinion, the provision of article 2432 of the Civil Code is applicable, and the date of the dissolution of the community must revert to the time when the action for divorce was filed by the husband. The services having been rendered after the dissolution of the community, the debt is that of the wife and not of the community.

The exception of no cause of action was properly overruled as to all items.

Considering the cause on its merits, in respect to plaintiff's claim for services rendered in the divorce action, we find that the fact of his employment is not disputed by the defendant. In accordance therewith papers were prepared in answer to the rule nisi for a preliminary injunction and filed in the divorce proceeding. Plaintiff also arranged, with the attorneys representing defendant's husband, for the release of sufficient funds from the effect of the injunction in order that the defendant could carry on the business of the Aucoin Perfume Company. The value of these services was stated by an attorney of the bar, who testified on plaintiff's behalf, to be worth $750. The district judge awarded $500, and we see no reason to increase or diminish this allowance.

Regarding plaintiff's claim for services rendered in the shifting of the bank deposits, we find that the plaintiff's evidence is to the effect that he was consulted by the defendant and employed by her to give his opinion. He testifies that his advice was acted upon by the defendant, whereas defendant denies that she ever consulted the plaintiff regarding the bank deposits. We accept the plaintiff's evidence as true and hold that he is entitled to a fee for his services. We fix the value thereof at $100. However, as this is a debt of the community and contracted for the benefit of the community, the defendant

is liable after dissolution thereof for one-half of the amount due.

 As to the claim for professional services rendered in the preparation of the writ of habeas corpus, plaintiff has testified fully as to his employment. His evidence is corroborated by Mr. R. C. Cowan, an attorney of the Mississippi bar, who was employed by the defendant to assist the plaintiff in the bringing of the proposed habeas corpus proceeding.

We believe that a fee of $100 for this work performed is fair, considering all the circumstances of the case. The liability of the defendant as to this item, however, is in the same proportion as her liability for the item claimed with respect to the bank deposits, or one-half of the amount allowed.

For the reasons assigned, the judgment appealed from is amended by increasing the award in favor of the plaintiff from $500 to $600, and, as thus amended, the judgment is affirmed, defendant to pay all costs.

Amended and affirmed.