HARDY, Judge.
This is a suit in which plaintiff seeks to recover from defendant on a promissory note in the principal sum of $175.00 with interest, costs, etc. An exception of no cause or right of action filed on behalf of defendant was sustained by the" trial Judge, and plaintiff’s suit dismissed, from which judgment it prosecutes this appeal.
The note in question was executed by Oliver A. Mathews and Mary Louise Mathews, husband and wife, but only the wife is named defendant in the present action. The exception is based upon the contention that the obligation represented by the note was a debt of the community of acquets and gains for which the husband alone is answerable.
,On trial of the exception of no right of action defendant testified that she did not intend by her execution of the note to bind hex-self personally. Notwithstanding this fact, we think it is clear under the provisions of Act 132 of 1926, as amended by Act 283 of 1928, LSA-RS 9:101 et seq., that married women were by said statutes enabled to bind themselves for the benefit of their husbands or of the existing community. The acts in question have been interpreted to this effect by a number of cases, among which are Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556; Howard v. Cardella, 171 La. *665 921, 132 So. 501, and U. Life & Accident Insurance Co. v. Haley, 178 La. 63, 150 So. 833.
We note that defendant relies, among other cases, upon the case of Ward v. Trimble, La.App., 20 So.2d 765, decided by this Court. The facts in the two cases are entirely different since the action in the Ward case was on open account.
It may be that trial on the merits of the instant case would establish the fact that the defendant wife not only did not intend to bind herself personally but did not intend to bind herself either for the debt of her husband or one of the community. Since the obligation is a chattel mortgage note it could well be that the signature of the defendant wife was procured for the purpose of compliance with the provisions of the Louisiana Small Loan Act, LSA-RS 6:571 et seq. But these points address themselves to the merits rather than to the exception which is now before this Court.
For the reasons assigned the judgment appealed from is reversed and set aside at appellee’s cost, and is remanded to the Honorable the City Court of the City of Shreveport, Caddo Parish, Louisiana, for further proceedings.