77 So.2d 896 (1955)
PERDIDO FINANCE COMPANY
v.
Beulah L. FALGOUT, wife of and Wilfred Falgout.
No. 20398.
Court of Appeal of Louisiana, Orleans.
February 14, 1955.
Rehearing Denied March 1, 1955.
Lucas F. Bruno, Jr., New Orleans, for plaintiff-appellant.
Girard J. Fernandez, New Orleans, for Beulah L. Falgout, defendant-appellant.
JANVIER, Judge.
This is a suit on a promissory note. The plaintiff is authorized to engage in the making of small loans under Act 7 of 1928, Ex.Sess., as amended, now LSA-R.S. 6:571 et seq. The defendants are Wilfred Falgout and his wife, Beulah L. Falgout.
Wilfred Falgout denied that he had executed the note. Beulah Falgout, his wife, admitted that she executed the note, signing both her name and that of her husband, and she averred that she signed her husband's name under his authorization. She denies that she is liable, contending that she signed the note only as agent for her husband.
In the Twenty-fourth Judicial District Court for the Parish of Jefferson there was judgment dismissing the suit as against Wilfred Falgout, and there was further judgment in favor of plaintiff as prayed for. From this judgment Beulah Falgout appealed devolutively and suspensively and Perdido Finance Company appealed devolutively.
The record leaves no room for doubt that Beulah Falgout signed both her own and her husband's name and that she received the proceeds of the note and used these proceeds for clothing for the children.
The record also shows that the husband, Wilfred Falgout, was present in Court when his wife testified that she had signed his name to the note with his authorization. She says that she asked him to sign the note and he said "You go ahead and sign it." And she also says that he knew what the money was to be used for.
Wilfred Falgout did not take the stand to deny that he had authorized his wife to sign the note for him. It is well settled that no written authorization is necessary in order to authorize an agent to *897 sign or to endorse or to transfer a negotiable instrument.
"A married woman may act as mandatary, and her acts will bind the mandator and the person with whom she contracts, although she be not authorized by her husband; she may also act as mandatary for her husband or for the community when authorized by her husband." LSA-Civ.Code art. 1787.
In Coats v. Guaranty Bank & Trust Co., 174 La. 503, 141 So. 41, 43, the Supreme Court said:
"Authority to execute, indorse, or transfer negotiable instruments, such as a bill of exchange or promissory note, need not be in writing, but may be conferred by parol, although the authority is not to be lightly inferred, but must be clearly shown. 2 Corpus Juris, 451; Verbo Agency, § 51, citing cases from California, Georgia, Illinois, Louisiana (Nalle & Co. v. Higginbothan, 21 La. Ann. 477), Maine, Massachusetts, Missouri, New Jersey, New York, Virginia, West Virginia, and England."
See, also, Morlet v. Maus, La.App., 170 So. 392.
In addition to the verbal authority which the record shows Falgout gave to his wife, she said that he gave her the money for the making of one of the payments which was made on the note, and this would indicate ratification even if it did not appear that he had authorized her to sign his name originally.
Since Mrs. Falgout signed her own name in addition to that of her husband, there is no reason why she should be relieved of liability.
In Succession of Mathews, La.App., 158 So. 233, 234, we said:
"With reference to the first ground of opposition, namely, whether or not the wife, as comaker of a note with her husband, is personally liable for debts of the community, that question has been affirmatively settled in the case of Howard v. Cardella, 171 La. 921, 132 So. 501."
The judgment in so far as it dismissed the suit of plaintiff against Wilfred Falgout is annulled, avoided and reversed and there is now judgment in favor of plaintiff and against Wilfred Falgout and Beulah L. Falgout, jointly and solidarily, in the sum of $248.14, together with interest at the rate of 3½% per month, from March 28, 1953 to October 20, 1955, on $150, and interest at the rate of 2½% per month, on $98.14 from March 28, 1953 to October 20, 1955, together with 20% additional attorney's fees as provided by said note; defendants to pay all costs.
Reversed in part, affirmed in part.

On Application for Rehearing.
PER CURIAM.
In an application for rehearing counsel for plaintiff-appellant calls attention to the fact that in our original decree we failed to award plaintiff interest after October 20, 1955. Accordingly, the said decree is now amended to read as follows:
The judgment in so far as it dismissed the suit of plaintiff against Wilfred Falgout is annulled, avoided and reversed and there is now judgment in favor of plaintiff and against Wilfred Falgout and Beulah L. Falgout, jointly and solidarily, in the sum of $248.14, together with interest at the rate of 3½% per month, from March 28, 1953 to October 20, 1955, on $150.00, and interest at the rate of 2½% per month, on $98.14 from March 28, 1953 to October 20, 1955, and with interest at the rate of 8% per annum on $248.14 from October 20, 1955, until paid, together with 20% additional attorney's fees as provided by said note; defendants to pay all costs.
Application for rehearing denied.