84 So.2d 873 (1956)
Florence ROUCHON
v.
Mrs. A. ROCAMORA.
No. 20680.
Court of Appeal of Louisiana, Orleans.
February 6, 1956.
John T. Charbonnet, New Orleans, for defendant and appellant.
George O'Dowd, New Orleans, for plaintiff and appellee.
McBRIDE, Judge.
The defendant, Mrs. A. Rocamora, verbally leased from plaintiff, through plaintiff's agent, on a month-to-month basis a certain dwelling in which she and her husband lived. She did not disclose to the agent whether she had a husband nor did the agent see fit to ask her about her marital status. Plaintiff now sues Mrs. Rocamora for alleged overdue and unpaid rentals and the defendant has filed a general denial.
It was only during the course of the trial that it developed that defendant had a husband with whom she lived under the régime of the community of acquets and gains. Notwithstanding this, the trial judge found for plaintiff and Mrs. Rocamora has appealed from the judgment. She has filed an exception of no cause or right of action in this court.
The exception must be maintained. Ward v. Trimble, La.App., 20 So.2d 765. The contract for housing was a contract for necessities for which the husband is liable as head and master of the community. LSA-C.C. arts. 120, 2403, 2404. It makes no difference that the lease contract was made by the wife in her own name.
By the provisions of LSA-R.S. 9:101 a married woman is permitted to contract obligations on behalf of the community and to bind herself personally therefor, but in order to hold the married woman individually liable for the community debt the proof must be clear and convincing that it was her intention and purpose to bind her estate or herself personally. United Life & Accident Ins. Co. v. Haley, 178 La. 63, 150 So. 833; D. H. Holmes Co. v. Van Ryper, La.App., 173 So. 584; Alpha v. Aucoin, La.App., 167 So. 835; Wilson & Gandy, Inc., v. Cummings, La.App., 150 So. 436.
The plaintiff did not show that it was the agreement that Mrs. Rocamora was to be personally bound on the lease contract, *874 and we know of no principle of law under which she can be held liable for any rent that may have accrued or is due. She was no more or less than the agent of the community in contracting the indebtedness. Thus the community of acquets and gains being the debtor, the husband as its head and master must be made the defendant. Ward v. Trimble, supra; Reneau v. Brown, 9 La.App. 375, 158 So. 406; Wilson & Gandy, Inc., v. Cummings, supra; United States Fidelity & Guaranty Co. v. Moore, 9 La.App. 429, 119 So. 886.
The case which plaintiff cites, Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, has no application.
For the reasons assigned, the judgment appealed from is avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed at her cost in both courts.
Reversed.