**UNITED STATES of America, Plaintiff,**

v.

**Mary Madeline MILLER, Defendant.**

**Civ. A. No. 1883.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 5, 1958.

Kathleen Ruddell, Asst. U. S. Atty., New Orleans, La., for plaintiff.

C. Alvin Tyler and Lyle E. Smith, Jr., Baton Rouge, La., for defendant.

J. SKELLY WRIGHT, District Judge.

This action having been tried by the Court without a jury, the Court now makes the following Findings of Fact and Conclusions of Law.

Findings of Fact

1. On August 19, 1954, Mary Madeline Miller, wife of, and W. Mathews Miller executed their promissory note for the principal sum of $2,874.50 payable to the order of United Credit Company, Inc., at its office in Baton Rouge, Louisiana, in thirty-six monthly installments of $79.85 each, the first installment to be paid on the 19th day of September, 1954, and monthly thereafter.

2. The proceeds of said note were for the purpose of improving the community property, 3511 Brady Street, Baton Rouge, Louisiana, pursuant to an FHA Title I Property Improvement Loan Application executed on August 19, 1954 by

the said Mary Madeline Miller and W. Mathews Miller.

3. The regular monthly installments of $79.85 were paid on said note for twenty-five months for a total of $1,996.25, default having been made in the payment of the October 1956 installment.

4. On December 28, 1956 all right, title and interest of the then holder of said note was assigned to the United States of America (without warranty, except that the note qualified for insurance), and on that date the United States of America became the holder and owner of said note for value.

5. The said W. Mathews Miller filed a voluntary petition in bankruptcy on November 13, 1956 in proceeding No. 1657 of the Bankruptcy Docket, and was subsequently relieved of his obligations by his discharge in bankruptcy on March 12, 1957.

6. There remains unpaid on said note a principal balance of $847.32 plus $2.90 interest to November 13, 1956, plus 5%' per annum interest on the principal amount after that date until paid.

7. Mary Madeline Miller was a co-maker with her husband of the note dated August 19, 1954.

### Conclusions of Law

1. A married woman who signs a note as comaker with her husband becomes a joint obligor thereon and binds herself personally for its payment. LSA–R.S. 9:101–104; United Life & Accident Ins. Co. v. Haley, 178 La. 63, 150 So. 833; Howard v. Cardella, 171 La. 921, 132 So. 501; Perdido Finance Company v. Falgout, La.App., 77 So.2d 896.

2. A married woman who executes a note jointly with her husband is a codebtor thereon, and his subsequent discharge in bankruptcy does not relieve her of her personal liability to pay the note. LSA–R.S. 9:101–104; 11 U.S.C.A. § 34; Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367.

3. Mary Madeline Miller obligated herself personally to pay the note in suit. The subsequent discharge of her

husband in bankruptcy can not relieve her of liability thereon. LSA–R.S. 9:101–104; United Life & Accident Ins. Co. v. Haley, supra; Howard v. Cardella, supra; Perdido Finance Company v. Falgout, supra.

Judgment for plaintiff.