142 So.2d 810 (1962)
FRIENDLY LOANS, INC.
v.
Riley MORRIS, Jr., and Caretha Jackson Morris.
No. 5610.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Ponder & Ponder, by Carver T. Blount, Amite, for appellant.
Palmer & Palmer, by Robert E. Palmer, Amite, for appellee.
Before ELLIS, HERGET and MILLER, JJ.
HERGET, Judge.
Friendly Loans, Incorporated instituted this suit against defendants, Riley Morris, Jr. and Caretha Jackson Morris, on a promissory note secured by chattel mortgage on certain furniture and prayed for judgment against Defendants in solido for the balance due on the note; for recognition of its lien and privilege on the property mortgaged; that the property be sold at public auction, with appraisement, and that the amount realized from the sale be credited pro tanto on the amount of the judgment and if not sufficient to pay same the unpaid balance thereof be executory.
Exceptions of no cause or right of action and of vagueness were filed by defendant Caretha Jackson Morris and following a trial of the issues on the merits the trial Court rendered judgment in solido against Defendants for the balance due on the note as prayed for, though the judgment did not recognize or enforce the lien and privilege alleged to exist by virtue of the chattel mortgage. The record neither discloses that Riley Morris, Jr. was cited and served with a copy of the pleadings; nor do the minutes reflect that a preliminary default was entered against him; nor was any appearance made by him during these proceedings. However, as no appeal from the judgment was taken by Riley Morris, Jr., there is nothing before us in reference to the judgment rendered against him. This appeal was taken by Mrs. Morris from the judgment rendered against her.
The note sued on provides:
"FOR VALUE RECEIVED, the undersigned in solido promise to pay to the order of said Lender, * * * (the actual amount of money lent and paid to the undersigned) in 19 successive monthly installments * * *."
and it is signed by Caretha J. Morris and Riley Morris, Jr. in that order.
Defendant's (Caretha Jackson Morris) exceptions of no cause or right of action and vagueness were predicated on the contention that the debt sued on was one of the community; that she was now separated by judgment of court from defendant Riley Morris, Jr., and that she was not responsible for the payment of the debt because same *811 was a debt of the community. In her answer to the suit on the merits she avers that she was asked to sign the note only for the purpose of waiving her "homestead exemption rights" and that her signature on the note was obtained on the fraudulent misrepresentation on the part of petitioner that her signature was required for the sole purpose of waiving homestead exemption rights. Though Defendant in her answer refers to homestead exemption rights, she evidently had reference to the provision of LSA-R.S. 6:587 providing that no chattel mortgage or other privilege on household furniture then in the possession of the borrower shall be valid if the borrower is married unless same is signed by both husband and wife. As heretofore pointed out, the judgment rendered in this suit did not grant a lien and privilege on the furniture nor order the sale thereof, but is simply a judgment in solido against Defendants. True she maintains her purpose in signing the note and chattel mortgage was to waive her homestead exemption, there is no evidence in the record that representations were made to her by the loan company that such was the purpose of her signing the note and furthermore Caretha Morris testified when she signed the note and chattel mortgage she did not tell the loan company that was her purpose in executing the instrument. There, therefore, is no proof of any fraud practiced on defendant Caretha Jackson Morris by Plaintiff.
LSA-C.C. Article 2403 provides:
"In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects."
LSA-R.S. 9:101-104 relieving married women from disabilities and incapacities, and particularly 9:103, permit married women to obligate themselves personally for the benefit of the community. This section, 9:103, provides:
"Married women may obligate themselves personally in any form, or dispose of or hypothecate their property, as security or otherwise, for the benefit of their husbands or of the community between them and their husbands."
In interpreting these provisions of the law, in Alpha v. Aucoin, La.App., 167 So. 835, the Court of Appeal, Orleans, said:
"By a succession of legislative enactments with a view of relieving married women from disabilities imposed under the articles of the Civil Code, culminating in the passage of Act No. 283 of 1928, (LSA-R.S. 9:101-105) married women are now permitted to contract obligations on behalf of the community. Moreover, under the provisions of the law as it now exists, a married woman may bind herself personally for the debts of the community. See United Life & Accident Ins. Co. v. Haley et ux., 178 La. 63, 150 So. 833. However, it has been held in the case of Wilson & Gandy v. Cummings (La. App. Second Circuit) 150 So. 436, that, in order to hold the wife individually liable for a community debt, the proof must be clear and convincing that it was her intention and purpose to become personally responsible."
There is no question now in Louisiana under the provisions of the above quoted statute that though under LSA-C.C. Article 2403 a married woman is not personally responsible for the debts of the community, she may personally obligate herself to pay same. In resolving the liability of the wife for the payment of community obligations, in our view, the question posed is not whether it was the intention of the wife to obligate herself to pay a community debt, but the issue is whether she in fact did so obligate herself.
In the case of Rouchon v. Rocamora, La.App. 84 So.2d 873, where a married *812 woman leased a dwelling from plaintiff without disclosing to the agent "* * * whether she had a husband nor did the agent see fit to ask her about her marital status * * *" and the plaintiff sued the wife for alleged overdue and unpaid rentals, to which suit she answered by filing a general denial and only during the course of the trial it developed that the defendant had a husband with whom she lived under the regime of the community of acquets and gains, the Court sustained an exception of no cause or right of action filed in the Court of Appeal on the basis that the wife was no more or less than the agent of the community in contracting the indebtedness and that the husband as head and master of the community must be made the defendant. While we are in accord with the holding of the Court that in order to be bound personally for the obligation the wife must contract to pay same, it appears to us that having failed to disclose her marital status and no discussion having taken place between the agent and the wife as to same, albeit the lease entered into was no doubt a community obligation, nonetheless it seems apparent that she personally contracted or promised to pay the rent and accordingly under the provisions of the statute quoted supra was also personally liable for same.
Conceivably there may be some question as to the proof required in respect to the intention of the wife in making a verbal agreement to pay a community obligation; however, the law apparently is well settled that when a married woman signs a note as comaker with her husband she binds herself individually for its payment. United States v. Miller, D.C., 162 F.Supp. 726; United Life & Accident Ins. Co. v. Haley, 178 La. 63, 150 So. 833; Howard v. Cardella, 171 La. 921, 132 So. 501; Perdido Finance Company v. Falgout, La.App., 77 So.2d 896.
In Brock Furniture Company v. Carroll, La.App. 86 So.2d 715, we held that a wife was not responsible on a note and chattel mortgage executed in connection with the purchase of a refrigerator and home freezer where the evidence revealed the husband alone had signed the instruments, the obligations being one of the community, she, not having bound herself personally to pay same, was not liable therefor.
For these reasons, inasmuch as we are only concerned with a judgment rendered against Mrs. Caretha Jackson Morris, the judgment of the trial Court in favor of Plaintiff and against said Defendant is affirmed.