ELLIS, Judge:
Defendant Helen C. Robinson and her former husband, Dwight R. Robinson, executed a promissory note on July 25, 1969, payable to plaintiff, Friendly Loans, Inc. On December 4, 1970, defendant was divorced from her husband, and on December 7, 1970, she renounced the community. Dwight R. Robinson was adjudicated a bankrupt and discharged from any personal liability on the note sued on. Therefore, this suit was filed for the balance of $1,042.69, plus interest from date of judicial demand and 25% attorney’s fee. After trial on the merits, judgment was rendered dismissing plaintiff’s demand, and it has appealed.
The case was tried under a stipulation which included all of the facts above set forth, and which admitted the signature of defendant on the note. It was further stipulated that the debt was contracted during the existence of the community and for the benefit of the community. Defendant concedes that, under the provisions of R.S. 9:103, a married woman who signs a promissory note with her husband is personally liable thereon, both during the marriage and after a legal separation. See Friendly Loans, Inc. v. Morris, 142 So.2d 810 (La. App. 1 Cir. 1962). However, she claims that, having renounced the community, she is no longer liable for the above debt under the provisions of Article 2410 of the Civil Code, which provides:
“Both the wife and her heirs or assigns have the privilege of being able to exonerate themselves from the debts contracted during the marriage, by renouncing the partnership or community of gains.”
Plaintiff contends that Article 2410 applies only to obligations of the community and not to the separate debts of the wife. It claims that when defendant signed the note, she obligated her separate estate for the debt, and could not relieve herself of liability from a separate debt by renouncing the community.
The case must turn upon the interpretation given to the phrase “the debts contracted during the marriage” as used in Article 2410. Defendant urges that it apply to all debts contracted during the marriage.
Article 2410 is in Title VI, Book III of the Civil Code, entitled “Of the Marriage Contract, and of the Respective Rights of the Parties in Relation to Their Property”. More specifically, it lies in Section I of Chapter 3, entitled “Of the Community or Partnership of Acquets and Gains” “Of Legal Partnership”. The latter section deals entirely with matters pertaining to the administration of the community, and the respective rights and responsibilities of the partners therein. The phrase “the debts contracted during the marriage” appears in Articles 2403 and 2409, as well as in Article 2410, and in the two latter articles, clearly applies only to the debts of the community. We can see no basis for interpreting the same phrase in Article 2410 in any different manner. In this case, the wife, by signing her name to the note, as a solidary obligor, created a separate debt, and thereby obligated her separate estate for the payment thereof. We cannot see how the renunciation of the community can have the effect of discharging this separate obligation, even though it may have been a community obligation as well.
Such a loan might well have been made by the lender on the basis of the wife’s *712 credit as well as that of the husband. The inequities arising from permitting the wife to avoid her personal liabilities by renouncing the community are self-evident.
We therefore hold that a wife who has obligated herself personally on a promissory note executed for the benefit of the community cannot avoid liability thereon by renouncing the community upon its dissolution.
The judgment appealed from is reversed and there will be judgment herein in favor of plaintiff, Friendly Loans, Inc., and against defendant, Helen C. Robinson, in the sum of $1,042.69 plus interest from July 19, 1972, at the rate of 8% per an-num, and 25% of the principal and interest due as attorney’s fee, and for all costs of these proceedings, in this court and the court below.
Reversed and rendered.