SAVOIE, Judge,
dissenting.
I respectfully dissent.
I agree with the majority’s conclusion that if the wife accepts the community, under the interpretation of C.C. art. 2409, she becomes personally liable for one-half of the community debts not previously acquitted. However, I disagree that C.C. art. 2409 gives a right of recovery to the husband if he pays the full amount of the indebtedness after termination and partition of the community.[1] It is my opinion that the wife’s liability, like that of the husband’s, is to the creditor. Alpha v. Au-coin, 167 So. 835 (Orl.La.App.1936).
C.C. art. 2409 provides:
“It is understood that, in the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage and not acquitted at the time of its dissolution.”
Since C.C. art. 2409 is positive law, clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit nor is the court to resort to equity. See C.C. arts. 13 and 21. Accordingly, I respectfully dissent.

. Neither Benedict v. Holmes, 104 La. 528, 29 So. 256 (1900), amended on application for rehearing, nor Arceneaux v. Blazek, 346 So.2d 288 (La.App. 4th Cir.1977), as cited in the majority’s opinion, discussed the application of C.C. art. 2409 in this manner.