HALL, Judge.
Plaintiff, a money lender doing business under the provisions of the Small Loan Act, LSA-R.S. 6:57l et seq., sued defendant for •$282.00 balance due on a promissory note for $300.00, together with interest and attorney’s fees, as provided in the note. From a judgment in favor of plaintiff, defendant appealed.
Defendant contends that his discharge in bankruptcy relieved him of liability on all ■debts listed in his bankruptcy schedules, among which is the indebtedness herein sued for. Plaintiff, on the other hand, contends defendant induced it to extend him credit by false pretenses and representations, and that the case falls within the purview of the exception contained in Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35) which provides that a bankrupt’s liability for obtaining money or property by false pretenses or false representations is not dis-chargeable in bankruptcy.
The evidence reveals that when defendant requested the loan, represented by the note herein sued on, he was handed a printed form by Mr. Marks, plaintiff’s manager, with the request that he complete and sign it. Defendant signed the form in blank and handed it back to Mr. Marks without filling it out in any respect. Thereupon the note was drawn up and presented to defendant who signed it.
The form which defendant signed in blank is headed “Financial Statement” and contains the following printed line: “For the purpose of showing my ability to repay the same and to induce you to grant said loan, I hereby declare that a list of all my debts and liabilities is as follows Following this sentence as space is provided for listing the applicant’s creditors and then follows the following printed line “My salary is $- per -. My income from •other sources is $-per-.”
Plaintiff contends that by signing the application in blank defendant warranted that he had no debts and obligations, when in truth and in fact he was heavily in debt, and plaintiff claims that it was induced to extend credit to him by false statement and representation.
Plaintiff’s manager, Mr. Marks, and the defendant were the only persons present when the blank “Financial Statement” was signed.
Mr. Marks testified as follows:
“Q. Were any instructions given to Mr. Abadie in connection with the filling out of this financial statement?
“A. He was instructed to complete the statement.
“Q. Did he give you any information relating to his financial condition then?
“A. No.
“Q. Did he say that he had listed all of his creditors on the financial statement ?
“A. He didn’t say he did or he didn’t.
“Q. But he signed it and handed it back to you?
“A. Yes.
“BY THE COURT:
“Q. Did he sign it in blank?
“A. Yes, Sir.
“Q. When you saw him sign it in blank did you ask him if he had any creditors?
“A. I asked him if he owed anybody and he said he didn’t have any debts. When I closed the loan with him and I remember it well, he was instructed to fill the statement out.
“Q. When you received the financial statement back and you saw nothing written on it, did you ask then if he had any creditors?
*824 “A. I asked him if he owed any money and he said ‘No’.
“Q. You are positive of that?
“A. Yes, Sir.”
The defendant on the other hand testified as follows:
“Q. I show you this financial statement * * * and ask if you signed this statement in blank ?
“A. Yes, Sir.
“Q. Now you heard Mr. Marks testify that he asked you if you owed any money in December of 1961 when he made this loan and that you stated that you did not; did you tell him that?
“A. No, Sir. He never did ask me that. They knew that I owed money because they were in association with the small loan companies and they knew I owed money. In fact, they turned me down one time and they said, ‘If you didn’t have a loan with Cur-rie-Dearie, then we would make the loan’.
“Q. Mr. Marks did not ask you in December of 1961 if you owed anybody else, is that correct?
“A. That’s right, he never asked me. If he had asked me that I would have told him that.”
The record further reveals that at the time the financial statement was signed defendant was indebted to 10 or IS other loan companies. Defendant was constantly in debt to small loan companies. In fact he had been doing business with companies with which the plaintiff was affiliated for about ten years and had been doing business with the plaintiff corporation for 2 or 3 years and had had a number of loans approved by Mr. Marks. In fact the instant loan was a renewal of a prior loan which was in default.
Mr. Marks testified that he made no credit checks on the defendant whatever but based his approval of the instant loan “on the basis that he didn’t have any other obligations” and stated that he would not have made the loan if he had been aware of defendant’s outstanding indebtedness and outstanding creditors.
In DeLatour v. Lala, 15 La.App. 276, 131 So. 211, it was held that before Section 17 of the Bankruptcy Act (11 U.S. C.A. § 35) exempting certain debts from discharge in bankruptcy would be applicable plaintiff must show (1) that defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff and (3) that the plaintiff relied upon and was misled by the false pretenses of representations. That case also held that the burden is on the creditor to prove that his debt is exempted from the operation of the discharge in bankruptcy.
In the present case we do not think that plaintiff has successfully borne the burden of proof. Moreover as was said by this Court in Excel Finance Mid City Inc. v. Meilleur, La.App., 137 So.2d 503:
“(2) When a small loan company has been doing business satisfactorily with a borrower for many years, and has the means to check his financial responsibility, especially within its own organization, but closes its eyes, it should be estopped to complain of misrepresentation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.”
For the foregoing reasons the judgment appealed from is reversed and plaintiff’s suit is dismissed, costs of both courts to be borne by plaintiff.
Reversed.