157 So.2d 376 (1963)
LIBERAL FINANCE CORPORATION
v.
Anson J. HOLLEY.
No. 1038.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
On Rehearing November 4, 1963.
*377 Heller & Heller, Edward M. Heller, New Orleans, for plaintiff and appellant.
George H. Fust, New Orleans, for defendant and appellee.
Before McBRIDE, REGAN and YARRUT, JJ.
Before McBRIDE, REGAN, YARRUT, SAMUEL and HALL, JJ.
McBRIDE, Judge.
This is a suit for the balance allegedly due on two promissory notes executed by defendant, each payable to plaintiff or bearer in monthly installments, the principal sum of the one dated January 26, 1961, being $1,276.80, and the principal sum of the other, dated July 5, 1961, being $160. Plaintiff prays for judgment for the aggregate balance due, plus interest and attorney's fees.
The defense is that defendant was adjudicated a bankrupt and subsequently was discharged as such, and that whereas plaintiff's claims were duly listed on the bankruptcy schedules, defendant is fully released and relieved from any indebtedness therefor.
Plaintiff's contention is that in connection with the two transactions defendant signed and submitted what are referred to as "financial statements" in which he represented that he had no liabilities or outstanding obligations other than those set forth, and that plaintiff relied on the truthfulness and verity of said representations, which were to the knowledge of defendant false and untrue and were made by him for the specific purpose of deceiving and defrauding plaintiff, and that plaintiff was actually a victim of such fraud. Plaintiff points out that under the exception in Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35), a discharge does not have the effect of releasing the bankrupt's liabilities for obtaining money or property by false pretenses or false representations.
After a trial below, judgment was rendered dismissing the suit and this appeal by plaintiff ensued.
Plaintiff, holding a license under the Small Loan Act, is a moneylender. Defendant had been its patron for several years, having received various amounts from plaintiff as loans. On January 26, 1961, a transaction took place between the parties, out of which plaintiff took from defendant the first of the above-described notes for $1,276.80, and in connection with such transaction and immediately before the consummation thereof, defendant filled out in his own handwriting and signed in the presence of plaintiff's manager a statement on which he listed as his sole creditors a finance company and a bank and stated that the total he owed them was $600.
On July 5, 1961, another transaction took place as a result of which defendant executed the second of the notes above-mentioned, that is the one for $160, and prior to and in connection with this transaction, defendant filled out in his own handwriting *378 and signed a statement on which he listed his total obligations as $972, purportedly owed to two finance companies, a bank, and a furniture company.
Each of the financial statements above-mentioned contains the following wording in large printed letters:
"For the specific purpose of obtaining a loan or extension of credit in the amount of $160.00 either as maker or comaker from LIBERAL FINANCE CORP., and as an inducement to make said loan or extension of credit, I hereby make the following statements which I represent, warrant, and guarantee to be true."
Then follow certain blanks in which defendant wrote in the name of his employer, the nature of his work, his salary, his age, and the purpose of the loan.
Then in large letters appears the following:
"I further represent, warrant and guarantee that the foregoing is my total indebtedness of every kind whatsoever, both secured and unsecured * * *. Notwithstanding any previous dealings I may have had with LIBERAL FINANCE CORP., I understand that in extending credit to me it is relying entirely on the foregoing financial statement made by me this date, which is filled out, dated and signed by myself. I have not been influenced in any way by any employee of named company in filing this statement."
Both of the financial statements were false in the matter of the amount of obligations owed and also in the number of defendant's creditors. At the time of the first transaction, in addition to the two debts set forth, defendant was indebted to another bank and four other merchants for an aggregate amount of $7,998.75. At the time of the second transaction defendant owed, in addition to the amount set forth in the statement, the aggregate sum of $7,554.65; he neglected to state that a certain other bank and three merchants were also his creditors.
Before Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35) would be applicable, it is incumbent on the plaintiff to show: (1) That defendant made false representations; (2) that such representations were made with the intention of defrauding plaintiff; and (3) that the plaintiff relied upon and was misled by the false pretenses or representations. De Latour v. Lala, 15 La.App. 276, 131 So. 211.
We believe that plaintiff has carried such burden of proof and upon such showing by plaintiff, the onus then shifted to the defendant to disprove intent to deceive. Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155; Accounts Supervision Company v. Atley, La.App., 89 So. 2d 508. Defendant has failed to refute plaintiff's pretensions and we entertain no doubt that defendant executed the statements in order to deceive and take advantage of plaintiff, and that plaintiff relied on the false representations, and that to some extent defendant has been guilty of obtaining money or property by false pretenses or representations, and to the extent of his fraud the discharge in bankruptcy will and cannot protect him.
A salient point in the case is just how extensive was plaintiff's loss. At the time of the first transaction of January 26, 1961, involving the note for $1,276.80, it cannot be said that plaintiff was defrauded of that whole sum. The testimony shows that all defendant realized out of this transaction was $200 in cash. While two other checks were issued to him, defendant actually endorsed said checks over to plaintiff for the purpose of retiring two prior notes, but nothing in the record indicates that the prior notes were delinquent or matured. In the absence of a showing by plaintiff that these were due and exigible, we cannot say that defendant defrauded plaintiff of property in the form of the prior notes. We *379 think that the $200 in cash received by defendant when he executed the $1,276.80 note would be the proper standard for measuring the recovery plaintiff is entitled to on the first transaction, less, however, any subsequent repayments made by defendant.
There is no question that the second note for $160 was not given in renewal of any existing note, its consideration being represented solely by cash advanced to defendant and plaintiff would be entitled to recover the full amount due on the second note less any repayments made by defendant.
See C H F Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534; Personal Finance Co. of Shreveport, Inc. v. Murphy, La.App., 53 So.2d 421.
Notwithstanding his discharge in bankruptcy defendant would still owe plaintiff a principal balance of $360 on the two notes which is the amount of the fraud. However, we notice from the allegations of plaintiff's petition that defendant has repaid the sum of $266 which would leave a net amount of $94 due.
There is no showing that the defendant in making repayments declared what debts he meant to discharge, nor is there anything to denote that the creditor issued receipts to defendant setting forth to what debts it had imputed the amounts repaid; so, therefore, we believe that the proper imputation (under LSA-C.C. art. 2166) would be to give defendant credit for his repayments on the debts which he had the most interest in discharging, namely, the indebtedness arising from the fraud perpetrated on plaintiff. None of the repayments should be imputed to the balances on the prior obligations which amounts were incorporated in the principal of the $1,276.80 note.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against defendant for the full sum of $94, with interest at the rate of 3½ per cent per month from July 5, 1961, until paid, together with attorney's fees in the sum of $25; defendant is cast for the costs of both courts.
Reversed and rendered.

ON REHEARING
SAMUEL, Judge.
We granted a rehearing in this case primarily for the purpose of determining whether or not the 1960 amendment to Section 17, sub. a(2) of the Federal Bankruptcy Act is applicable and, if so, the proper result under that amendment. On rehearing defendant has argued only that the transactions were not entered into in reliance on the financial statement. But we adhere to the opinion that the defendant's debts were not affected by his discharge in bankruptcy as a result of his materially false financial statement.
The amendment became effective on July 12, 1960 and the two transactions involved herein took place on January 26, 1961 and July 5, 1961. Therefore, quite clearly, the amendment is applicable.
The pertinent part of the statute prior to the amendment reads as follows:
"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *; (2) are liabilities for obtaining money or property by false pretenses or false representations, * * *."
As amended in 1960 the above quoted part of the statute now reads:
"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or *380 in part, except such as * * *; (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * *." (emphasis added). (11 U.S. C.A. § 35, sub. a(2), 74 Stat. 408).
Prior to the 1960 amendment there was a great deal of conflict among the various state courts as to whether the word "property" included a renewal or extension of credit and our original decree was in accord with the view adopted by the Louisiana jurisprudence. See cases cited in the original opinion and 21 La.L.Rev., 638. But our jurisprudence has been legislatively changed by the amendment. Now, where the extension or renewal was given in reliance upon a materially false financial statement in writing, the entire amount of the instrument constituting the extension or renewal is not affected by the discharge in bankruptcy and can be recovered. We agree with the conclusion reached by the writer of the above cited comment (page 645):
"Detailed arguments for or against the various positions as well as the distinction employed in the recent Louisiana cases appear moot as the 1960 amendment excepts from discharge the liability for obtaining (1) money, (2) property, or (3) an extension or renewal of credit. By this provision the question of whether an extension or renewal of credit is property is avoided. Besides embracing other credit situations, `renewal' would appear to encompass a matured note, and `extension' would cover an unmatured note which is lengthened in maturity or replaced with a new note. Whether the original credit was extended on the basis of a false statement seems immaterial, as the whole amount if renewed or extended would be collectible under the amendment, if the extension or renewal was induced by a false financial statement."
We conclude that plaintiff is entitled to recover the full amount of the balance due on the note dated January 26, 1961, $1,010.80, together with the full amount of the note dated July 5, 1961, $160.00, plus interest and attorney's fees as provided in said notes.
For the reasons assigned, our decree on the original hearing is recalled and set aside, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff, Liberal Finance Corporation, and against defendant, Anson J. Holley, in the full sum of $1,170.80 together with interest at the rate of eight (8%) per cent per annum on $1,010.80 from August 16, 1961 until paid and with interest at the rate of three and one-half (3½%) per cent per month on the first $150.00 of unpaid principal balance and two and one-half (2½%) per cent per month on the unpaid principal balance in excess thereof on $160.00 from August 5, 1961 until March 5, 1964 and eight (8%) per cent per annum thereafter until paid, together with twenty-five (25%) per cent of the total principal and interest due as attorney's fees; defendant to pay all costs of both courts.
Reversed and rendered.