BOLIN, Judge.
Isana Products, Inc., sued Mrs. Everlynn Smith Lewing, doing business as City Beauty Supply Company, for $520.55 for goods purchased by her from plaintiff. Following the overruling of an exception of no right of action, the case was fixed for trial on the merits. On the day preceding the trial Mrs. Lewing was served with a subpoena duces tecum to produce at the trial certain documents relating to her legal relationship with City Beauty Supply Company. Mrs. Lewing, failing to comply with.the subpoena, filed a motion for a continuance which was overruled. After a brief trial on the merits, during which the correctness of the account and the fact it was unpaid were admitted, judgment was rendered for plaintiff as prayed for and defendant appeals.
Appellant claims error in that the trial judge abused his discretion in overruling her motion for a continuance because Mrs. Lewing was allowed less than forty-eight hours in which to comply with the subpoena duces tecum. Pursuant to LSA-Code of Civil Procedure Article 1354, plaintiff attached an affidavit to its pleading stating it intended to prove by the documents subpoenaed that the debt due plaintiff was defendant’s “personal obligation as distinguished from the community existing between Everlynn Smith Lewing and her husband, A. E. Lewing.”
The district judge in his reasons for judgment stated he believed Mrs. Lew-ing was doing business as the City Beauty Supply Company and gave as one basis for such conclusion her failure to produce the license, tax receipts and other papers called for in the subpoena duces tecum. We think the evidence in the record, exclusive of any presumed admissions by Mrs. Lewing resulting from her failure to comply with the subpoena, justifies a find *905 ing that Mrs. Lewing was personally operating the business. The trial judge’s ruling on the motion for a continuance was not, therefore, prejudicial to defendant’s rights.
Defendant’s main contention is that she was operating the beauty supply company as a community enterprise with her husband ; that the husband had previously taken bankruptcy and that both her husband and the community were discharged from payment of the subject debt and that she could not be held personally liable for the debt. Plaintiff on the other hand contends Mrs. Lewing was a “public merchant” in her conduct of the business and as such became personally liable under LSA-C.C. Art. 131 and LSA-R.S. 9:101-9:102, which provide:
LSA-C.C. Art. 131:
“If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and in such case, her husband is bound also, if there exists a community of property between them.
“She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband.” (Emphasis added.)
LSA-R.S. 9:101:
“All married women, including nonresidents so far as they are affected by the laws of this state, are fully emancipated from all the disabilities and relieved from all the incapacities to which, as such, they were formerly subject. They may make contracts of all kinds, and assume or stipulate for obligations of all kinds, in any form or manner now permitted, or which may hereafter be permitted, by law for any person, married or unmarried, of either sex, and in no case shall any act, contract, or obligation of a married woman require, for the validity or effectiveness thereof, the authority of her husband or of the judge.”
LSA-R.S. 9:102:
“Married women may institute or defend suits, or otherwise appear in judicial proceedings, and stand in judgment, without the authority of their husbands or of the judge.”
On the facts as we find them, LSA-Civil Code Article 131 is not relevant to the issues herein. It certainly affords no comfort to defendant, Mrs. Lewing.
Following the passage of LSA-R.S. 9:101 and 9:102, LSA-Civil Code Article 131 was rendered obsolete insofar as it granted the wife authority to obligate herself without the permission of her husband. The remaining purpose of the codal article is that where the wife, who is a public merchant, obligates herself in anything relating to her trade the husband is also bound “if there exists a community of property between them.” King v. Dearman, La.App., 105 So. 2d 293 and numerous cases therein cited. See also 33 Tulane Law Review 402 and 34 Tulane Law Review 3 at 26. No judgment is sought against Mr. Lewing. In fact his bankruptcy proceedings specifically discharged him from this debt.
Since the passage of the acts emancipating married women from all civil disabilities and incapacities it is well settled that a wife may bind herself personally on any type obligation even for community debts. United Life & Accident Insurance Co. v. Haley, et ux., 178 La. 63, 150 So. 833 (1933).
The question in this case is not whether Mrs. Lewing had authority to bind herself personally, but rather whether the evidence showed a clear intent on her part so to do. In order to hold a married woman individually liable for a community debt proof must be clear and convincing that it was her intention to bind herself personally. Rouchon v. Rocamora (Orl.App.1956) 84 *906 So.2d 873; Holmes Co. v. Van Ryper (Orl. App.1937) 173 So. 584.
Conceding arguendo that the debt in the instant case was community, we find Mrs. Lewing clearly evidenced an intent to pay it personally. Her husband had little if anything to do with the beauty supply business. She testified she was doing business as City Beauty Supply Company; that in such capacity she received these items sued for and that the amount sued for was correct and unpaid.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.