BOLIN, Judge.
Plaintiff seeks enforcement of its claim for $1,984.00, allegedly due on a promissory *718 note signed by defendants, Charles and Ber-niesteen Hayden. Charles Hayden filed no answer and judgment was rendered against him by default. However, Berniesteen Hayden answered the suit and interposed as defense her previous discharge in bankruptcy, alleging that plaintiff’s claim was listed in the bankruptcy schedule and was thus discharged. By supplemental petition plaintiff claims it was induced to extend credit to defendants in reliance upon false representations or upon a false financial statement in writing and therefore the debt should not be discharged.
Following trial on the merits the lower court cast Berniesteen in solido with Charles Hayden for the debt, thereby rejecting the claim that the debt had been discharged in bankruptcy. From this judgment Berniesteen Hayden appeals.
We believe the contest revolves around the validity and effect of the document, furnished by plaintiff, entitled "Application and Financial Statement,” which was admittedly signed by defendants prior to signing the note here sued upon. A clearer understanding of the issues may be had by an examination of the instrument which we duplicate below:

*719 All the insertions on this printed form, except the signatures, were written by one of plaintiff’s employees. It is conceded that the loan, evidenced by the note upon which this suit is based, was obtained on November 21, 1960, in order to consolidate the two notes shown on the statement, one of which had been signed by Charles Hayden and the other by Berniesteen Hayden. The new note, in the amount of $3,096.00, included precalculated interest and was payable in 36 monthly installments of $86.00 each. It is agreed defendants received no money upon execution of the last note which, being a consolidation of the two previous debts, amounted to a renewal or extension under the pertinent section of the Federal Bankruptcy Act, providing as follows:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) * * *; (2) are liabilities * * * for obtaining money or property on credit or obtaining an extension or renezval of credit in reliance upon a materially false statement in zvriting respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * (Quoted portion of part (2) added by 1960 amendment.) Bankruptcy Act, Sec. 17, 11 U.S.C.A. § 35. (Emphasis added.)
It was established during the trial' by numerous witnesses for plaintiff that Charles and Berniesteen Hayden, who are now separated but were husband and wife at the time, owed more than $7,000.00 in addition to the amounts owed to Friendly Finance on the date the application and note in question were executed. The district judge, in his reasons for judgment, concluded the omission of the additional debts rendered the statement materially false and further found that plaintiff relied upon the written financial statement in granting the loan renewal. From our examination of the record we find the evidence fails to support this conclusion.
It is clear from a cursory examination of the “Application and Financial Statement,” set forth supra, that the document is incomplete. No effort was made to fill in the total amount of defendants’ debts. The spaces provided for the purpose of showing salary and income were left blank. The only debts listed were those owed to plaintiff which were placed there by plaintiff’s agent. Contrary to plaintiff’s contention and the lower court’s conclusion, we are of the opinion the so-called “financial statement” was nothing more than an application for a loan to pay off pre-existing debts.
While no Louisiana case has been cited interpreting “statement in writing,” we think appropriate the language of the court in Accounts Supervision Company v. Atley (La.App., First Cir. 1956), 89 So.2d 508, as follows:
“The testimony concerning the so called ‘financial statement’ (completed by defendant Asco Loan’s manager, and upon which the illiterate Atley signed his name and made an illegible notation at the direction of said manager) indicates that there is some question that a serious effort was made to obtain or to record a complete and accurate ‘financial statement’. The said statement for instance indicates that the alleged total indebtedness of Atley was $1,170 in the application which was executed prior to the loan (as naturally subsequent thereto defendant could not claim to have loaned money in reliance thereupon), which is the exact amount of the note sued upon. * * *.
“There is considerable force to defendant’s argument that the so called ‘financial statement’ was taken by Asco Loan and completed by its manager, not with any serious purpose to rely thereupon but merely as a device obtained perfunctorily from all loan applicants *720 in order to give technical grounds to contest any subsequent discharges in bankruptcy of these applicants.”
Those cases cited in suppport of plaintiff’s position have turned either on the proposition that money or property was obtained by false representations amounting to fraud, or, in the case of renewals and extensions, on the finding that defendant actually purported to list on a financial statement all of his creditors and the amounts owed each, the total amount of his outstanding indebtednesses and the amount of his salary and other income. In the light of our conclusion previously stated, we think the cited cases inappropriate to the instant suit.
As an added reason for reversal we point out the federal statute, cited supra, specifically requires that in case the debt sought to be discharged is in the nature of a renewal or extension of an existing debt there must have been a reliance upon a materially false statement in writing. Assuming the written statement set forth supra is a complete financial statement in writing, we fail to find any evidence in the record reflecting reliance thereon. Plaintiff’s own manager, when questioned concerning what he was depending upon in making this loan, testified he was “depending on Berniesteen’s ability to repay the debt and was depending on the information that she gave me to the effect that she did not owe any other debts.” Inasmuch as no such information could have been gleaned from the written statement, it is clear that plaintiff must have been relying upon information or knowledge concerning Berniesteen’s ability to pay, gathered from his previous dealings with defendant. Likewise, it seems clear that if he thought defendant owed no other debts such conclusion was based upon something other than the written financial statement and therefore the debt is not included within the exception provided in the statute. See Sears, Roebuck and Company v. Sofio (La.App., Fourth Cir. 1962), 138 So.2d 616.
For the reasons assigned, that portion of the judgment of the lower court as it relates to Berniesteen Hayden is reversed, and plaintiff’s demands against her are dismissed at plaintiff-appellee’s cost.
Reversed.