173 So.2d 851 (1965)
CASH FINANCE SERVICE, INC.
v.
Raymond C. HAISCH.
No. 1803.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1965.
Julian B. Humphrey, New Orleans, for plaintiff-appellee.
Frederick P. Heisler, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit for $959.08, the balance due on a promissory note executed by the defendant on July 29, 1963, plus interest, attorney's fees and costs. While the suit was pending defendant filed a petition in bankruptcy and received a discharge which included the indebtedness involved in this suit. Thereafter plaintiff filed a supplemental petition alleging the debt in suit was not discharged for the reason that plaintiff made the renewal involved in reliance upon a false financial statement executed by the defendant with the intention of deceiving and misleading plaintiff.
There was judgment in the trial court in favor of plaintiff as prayed and defendant has appealed therefrom. In this court he makes three contentions: (1) the financial *852 statement had not been given in connection with the note in suit, the date thereon having been altered; (2) the statement was not false or made with intention to defraud in that defendant only followed instructions given to him by a plaintiff employee; and (3) plaintiff did not rely upon the statement and was not misled thereby.
Plaintiff, a money lender, had been doing business with the defendant for eleven years during which time, with the exception of two periods, one of less than four years and the other of less than one year, defendant continuously was indebted to plaintiff on original loans or renewal notes. This suit is on a renewal note in the amount of $1,000.78, which figure represents $758.15 owing on the prior note, $36.66 paid for an insurance premium, apparently on a policy taken for plaintiff's protection, and $265.97 added discount, less $60 unearned discount. Defendant did not receive any money from the renewal transaction. For purposes of clarity we reproduce below the financial statement here in question:

With the exception of the figure "1000.78" at the end of the first sentence, and with the possible exception of the date appearing in the upper right corner, the statement was filled out in its entirety, and signed, by the defendant. As reflected by the statement and as shown by his testimony, defendant enjoys a very limited education. On July 29, 1963, the date of the note and the contested date of the statement, defendant owed a total of $2,127.26 in excess of the $564 shown on the financial statement. The additional amounts were owed to plaintiff, another finance company, a credit company and three stores. Plaintiff made no effort to check defendant's credit and *853 an inquiry directed to a credit organization of which plaintiff was a member would have revealed the additional indebtedness due the other finance company.
Defendant testified he did not execute the statement in connection with the note in suit, that it was made in connection with another loan and the date had been inserted originally by a plaintiff employee and then changed. He points to the figure "3", as it appears after "Age" and on the second and third lines under the required listing of debts, all three having been written by him, as opposed to the figure "3" appearing in the year date which he contends he did not write, and to the figure "7", as it appears in his handwriting in the second line under the required listing of debts, as opposed to the same figure written over an erasure in the date and in "1000.78" at the end of the first sentence, the latter figure admittedly having been written by a plaintiff employee. He contends that a comparison thereof shows a different handwriting and indicates the date was changed by a person or persons other than himself. He also testified the reason he didn't list his other debts was that he was having difficulty with his writing and the plaintiff manager told him "that was enough". As supporting this last mentioned testimony, defendant calls our attention to the third line under the required listing of debts where only the first figure "3" is entered.
Plaintiff's credit manager denied defendant's testimony relative to the fact that he had told defendant he had written "enough". He also testified the date appearing on the statement had been written by the defendant alone and had not been changed or altered and that he accepted the renewal note in reliance on the statement.
Under the pertinent provisions of Section 17 of the Bankruptcy Act, as amended in 1960, a discharge does not have the effect of releasing the bankrupt's liability for obtaining an extension or renewal of credit in reliance upon a materially false financial statement in writing given with intent to deceive. The pertinent provisions read as follows:
"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive; * * *" 11 U.S.C.A. § 35.
Before the quoted provisions can be applicable we deem it incumbent upon the plaintiff to show: (1) that plaintiff granted the extension or renewal in reliance upon a written financial statement made by the defendant; (2) that the statement was materially false; and (3) that the statement was made or caused to be made or caused to be made by the defendant; (2) that the statement was materially false; and (3) that the statement was made or caused to be made by the defendant with intent to deceive. See Friendly Finance Discount Corporation v. Hayden, La.App., 171 So.2d 717; Excel Finance Baronne, Inc. v. Abadie, La.App., 152 So.2d 822; Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.
In the instant case we find it necessary to discuss only the question of plaintiff's reliance upon the financial statement.
From our reading of the statement we cannot tell the type of employment in which defendant was engaged. In the space behind the printed words "Job or position" the defendant wrote what appears to be "Back tie", whatever that means. The most that can be said of what the defendant wrote in the line behind the printed words "Purpose of loan" is simply that it is illegible. Under *854 the printed words "List each and every debt owed and full amounts thereon:" appears what could be the word "HOME" superimposed over a previously written "HOUSE", and the apparent abbreviation "ASST". Plaintiff's manager testified that to him the word "HOME" meant Home Finance Company and he assumed "ASST" meant Associates Discount Company. Guesses and assumption are hardly acceptable in connection with reliance on financial statements. We note it should have been obvious to plaintiff's manager that the required list of "Each and every debt owed and full amounts thereon" was incomplete. Defendant's indebtedness to the plaintiff itself was not included. Finally, in the blank behind the printed words "This is my entire indebtedness, including all notes of which I am maker. I am endorser on no notes except as follows:" appears a word which plaintiff contends is "None". The word appears to us, much more clearly than most of what the defendant wrote, to be "More", certainly suggestive of a need for further investigation to any person in the business of lending money.
We are not unaware of the possibility that a financial statement may be obtained without any serious intent to rely thereon but merely for the purpose of contesting a possible subsequent discharge in bankruptcy. And we are satisfied that in the instant case plaintiff did not make a serious effort to obtain a complete and accurate financial statement. We are also of the opinion that no person or company regularly engaged in the business of lending money reasonably would rely upon the financial statement here involved. Our conclusion is that plaintiff did not rely upon the financial statement in accepting the renewal note and the debt was discharged in bankruptcy.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Raymond C. Haisch, and against the plaintiff, Cash Finance Service, Inc., dismissing plaintiff's suit; all costs in both courts to be paid by plaintiff.
Reversed and rendered.