184 So.2d 93 (1966)
MIDLAND DISCOUNT COMPANY, Inc.
v.
Alfred ROBICHAUX and Mrs. Ruth Robichaux.
No. 2129.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
*94 No appearance for plaintiff-appellee.
Garrett & Carl, Clifton S. Carl, New Orleans, for defendants-appellants.
Before REGAN, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is a suit for $1,687.20, the alleged balance due on a promissory note executed by the defendants on October 26, 1962, together with 8% interest from the maturity of the note until paid and 20% attorney's fees, both as provided in the note, and for all costs. Defendants, husband and wife, answered in the form of a general denial and affirmatively alleged that any indebtedness due by them on the note had been discharged in bankruptcy. Thereafter plaintiff contended it had accepted the note in reliance upon a materially false financial statement given by the defendants in writing with intent to deceive and therefore the discharge in bankruptcy did not release defendants from the obligation.
After trial there was judgment in favor of plaintiff as prayed. Defendants have appealed therefrom. In this court they contend: (1) plaintiff failed to bear its burden of proof in any respect as to the defendant-wife; (2) plaintiff failed to bear its burden of proving fraud and intent as to the defendant-husband; and (3) alternatively, even if plaintiff has proved fraud and intent, it has failed to prove reliance upon the financial statement.
Plaintiff is a moneylender and the note in suit represents a loan made by it to the defendants for the purpose of consolidating other loans. Mr. Robichaux first applied for the loan by telephone. Later he had other telephone conversations with plaintiff's manager and twice visited plaintiff's office talking with plaintiff's manager there. During these conversations, and particularly during the first one by telephone, he was required by the manager to state all of his outstanding obligations. He gave four such obligations, all to finance companies, in the total amount of approximately $900.00. Plaintiff checked Mr. Robichaux's credit through its loan exchange, which was concerned only with finance companies, and discovered he had *95 not disclosed two such companies to which he was indebted, Asher-Young in the amount of $649.41 and American Thrift in the amount of $229.00.
The manager then contacted Mr. Robichaux about the two obligations he had failed to disclose. Robichaux informed the manager he did not want to pay Asher-Young and that he was going to pay American Thrift himself. The manager was satisfied with this information and made no further check into Mr. Robichaux's financial condition. The loan was made and completed in one transaction. At that time both Mr. and Mrs. Robichaux executed the note and signed a chattel mortgage covering furniture and other household items. In addition, Mr. Robichaux filled in the handwritten portions of, and both defendants signed, a document marked "AFFIDAVIT". That document, which is the instrument plaintiff has contended is a materially false financial statement, is reproduced below as it appears in the record.

Mrs. Robichaux talked to no one connected with the plaintiff. She simply signed the documents when they were presented to her. She was a housewife who otherwise was unemployed and had no income or separate estate of her own.
The amount borrowed was $1,824.00. The note in suit was for that amount and was payable in 24 monthly installments of $76.00 each. After it had been signed plaintiff paid the balances due to the four finance companies about which Mr. Robichaux *96 had informed them and to a fifth company, American Thrift, all in the total amount of $1,134.30. The balance of the face amount of the note consisted of a $36.48 life insurance premium and plaintiff's "Discount Charge" in the amount of $653.72.
The discharge in bankruptcy was introduced in evidence by the defendants. It is regular in form and was not objected to or contested by the plaintiff. Plaintiff then proved that, in addition to the obligations Mr. Robichaux originally had informed plaintiff he owed to the four finance companies, and in addition to the Asher-Young and American Thrift debts, at the time the application and the loan were made, Mr. Robichaux was obligated as follows: (1) a vendor's lien and mortgage note held by Hibernia Homestead and signed by Mr. Robichaux and his two brothers with a balance of $4,341.01; (2) a mortgage note held by Alfonse Mortgage Company, also signed by Mr. Robichaux and his two brothers with a balance of $3,846.66; (3) a balance of $200.00 due to Tulane Pay Plan on a note signed by Mr. Robichaux, one of his brothers and another man; (4) a balance of $836.35 due to C.H.F. Finance Company on a note also signed by Mr. Robichaux, one of his brothers and another man; (5) Zale's Jewelers, $163.81; (6) Dailey Style Shop, $93.80; (7) Robbins Company, $38.68; and (8) Krauss Company, $57.00.
Under the pertinent provisions of Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35(a) (2), a discharge in bankruptcy does not release a bankrupt from those provable debts which are liabilities for obtaining money "* * * in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * *." But before those pertinent provisions of Section 17 can prevent the bankrupt from being released by the discharge in bankruptcy, it is incumbent upon the plaintiff to show that: (1) plaintiff advanced the loan in reliance upon a written financial statement made by the defendant; (2) the statement was materially false; and (3) the financial statement was made or caused to be made by the defendants with intent to deceive. See Cash Finance Service, Inc. v. Haisch, La.App., 173 So.2d 851; Friendly Finance Discount Corporation v. Hayden, La.App., 171 So.2d 717; Excel Finance Baronne, Inc. v. Abadie, La.App., 152 So.2d 822; Earl Staehle Finance, Inc. v. Brooks, La. App., 144 So.2d 155; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.
We are satisfied that the judgment appealed from is erroneous insofar as it applies to Mrs. Robichaux. Plaintiff's manager testified the loan was made in reliance on the income of Mr. Robichaux and his ability to pay, taking into consideration his other obligations. No reliance was placed on Mrs. Robichaux's ability to pay; she had no income and no separate estate. Since there was no reliance upon Mrs. Robichaux's ability to pay the loan, it follows the plaintiff did not rely on the statement insofar as she was concerned. And the record fails to establish she knew, or should have known, that the affidavit she signed was false in any respect.
In addition, Mrs. Robichaux concealed none of her personal obligations from the plaintiff. There is no proof that she had any such obligations. As to her the written statement is not materially false; it did not fail to include any debt of hers. The eight above listed debts proved by plaintiff and relied upon by it to show that the statement was materially false were debts of Mr. Robichaux and not of Mrs. Robichaux. The first four of those as listed, due to Hibernia Homestead, Alfonse Mortgage Company, Tulane Pay Plan and C.H.F. Finance Company, are obligations due on notes. Mrs. Robichaux was not liable thereon because she had not signed any of those notes. LSA-R.S. 7:18; Personal Finance, Inc. v. Simms, La.App., 123 *97 So.2d 646. The last four debts as listed, to Zale's Jewelers, Dailey Style Shop, Robbins Company and Krauss Company, were accounts in the name of Mr. and Mrs. Robichaux. In the absence of proof to the contrary, and there is none, these must be accepted for what they appear to be, i. e., community debts on open accounts, and again Mrs. Robichaux was not individually liable thereon. There is no proof she intended to bind either herself or her estate for the payment of those obligations and it is our settled law that, in order to hold a married woman individually liable for community debts, the proof must be clear and convincing that it was her intention and purpose to bind her estate and herself personally. United Life and Accident Ins. Co. v. Haley, 178 La. 63, 150 So. 833; Isana Products, Inc. v. Lewing, La. App., 168 So.2d 903; Personal Finance Company v. Simms, La.App., 148 So.2d 176; Rouchon v. Rocamora, La.App., 84 So.2d 873; D. H. Holmes Co. v. Van Ryper, La.App., 173 So. 584.
Insofar as Mr. Robichaux is concerned we are also of the opinion that, within the meaning of the word as contained in the act, plaintiff did not rely upon the so-called financial statement in making the loan and therefore Mr. Robichaux's obligation on the note in suit was released by his discharge in bankruptcy.
As has been said by this court in other cases, we are not unaware of the possibility that a financial statement may be obtained without any serious intent to rely thereon but merely for the purpose of contesting a possible future discharge in bankruptcy. See Cash Finance Service, Inc. v. Haisch, supra, 173 So.2d 853; Seybold Finance Service v. Schwaner, La.App., 102 So.2d 317, 319. Certainly the act contemplates not only a materially false statement in writing respecting the defendant's financial condition but actual reliance upon that particular statement. It is not to be regarded lightly. And under the facts of this case we are satisfied that no person or company regularly engaged in the business of lending money, as was the plaintiff, would make a loan in reasonable reliance upon the statement involved.
As is shown by the photostat contained in this opinion, none of the blank spaces in the statement is filled out except for the addition of the words "Asher Young 649.61" and "No Other Bills". Obviously plaintiff knew the statement was incomplete. The five loan companies to which Mr. Robichaux was indebted, which debts were paid by the plaintiff after the statement was submitted and after the loan was made, were not mentioned in the statement despite its printed provisions that the statement purports to contain a complete and accurate list of all of the defendants' debts. In addition, prior to the signing of the document plaintiff had discovered that Mr. Robichaux had given false and incomplete information regarding his debts. Plaintiff knew Mr. Robichaux had intentionally omitted the debts due by him to two finance companies and knew he had lied about his obligations. We cannot believe that plaintiff reasonably relied upon the so-called financial statement in view of the fact that it knew the statement was incomplete and knew that Mr. Robichaux previously had lied about the very matter into which plaintiff was inquiring.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendants, Alfred Robichaux and Mrs. Ruth Robichaux, and against the plaintiff, Midland Discount Co., Inc., dismissing the said plaintiff's suit; all costs in both courts to be paid by the plaintiff, Midland Discount Co., Inc.
Reversed and rendered.