188 So.2d 151 (1966)
DIAL FINANCE COMPANY
v.
James E. DUTHU.
No. 6680.
Court of Appeal of Louisiana, First Circuit.
June 13, 1966.
*153 Robert T. Rester, Bogalusa, for appellee.
Donald H. Lee, of Seal & Lee, Bogalusa, for appellant.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.[*]
LANDRY, Judge.
The issue presented by this appeal is whether the debt herein sued upon by plaintiff-appellee, Dial Finance Company, was discharged in bankruptcy as contended by defendant-appellant, James E. Duthu. After trial on the merits, the learned judge of the lower court found the debt had not been discharged and rendered judgment in favor of plaintiff as prayed for. Defendant has appealed contending the lower court erred in rejecting his defense.
Plaintiff concedes the debt in question was listed on the bankruptcy schedule filed by defendant but maintains the obligation was not discharged because of the provisions of the Federal Bankruptcy Act § 17 (a) (2), 11 U.S.C. § 35(a) (2), which declares that a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as are liabilities for obtaining money or property by false pretenses or false representations "* * * or for obtaining money or property * * on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with an intent to deceive * * *."
The note sued upon by plaintiff, dated April 24, 1962, in the principal sum of $400.00, payable in 24 monthly installments of $22.75 each, is admittedly a renewal note upon the faith of which defendant obtained cancellation of a prior indebtedness and received additional funds. Learned counsel for appellant contends the lower court erred in (1) holding extension or renewal of an existing indebtedness the equivalent of obtaining property, within the meaning of the hereinabove cited provision of the bankruptcy law excepting from the effects of a discharge a liability for obtaining property or money by false pretenses or false representations; (2) finding that the hereinafter discussed loan application constituted a loan application upon which plaintiff could rely; and (3) concluding appellant made false representations with intent to defraud and that plaintiff relied thereon.
Disposing first of appellant's initial argument hereinabove set forth, we note that prior to the 1960 amendment to the applicable Federal Statute, which added the hereinabove quoted language, the jurisprudence of this state was to the effect that whether extension or renewal of an existing debt represented by a promissory note would constitute obtaining property depended upon whether the note surrendered was in default at the time of execution of the second note. See C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 and Personal Finance Co. of Shreveport, Inc. v. Murphy, La.App., 53 So.2d 421, which cases were decided prior to the 1960 amendment previously mentioned. Since adoption of the amendment, the question whether renewal or extension of credit constitutes obtaining property is no longer a relevant issue. Liberal Finance Corporation v. Holley, La.App., 157 So.2d 376, is authority for the proposition that, since the effective date of the 1960 amendment to the Federal Bankruptcy Act, if a renewal or extension is granted in reliance upon a materially false statement in *154 writing, the entire amount of the instrument is unaffected by the discharge and the holder may recover the full sum thereof. In so holding our brothers of the Fourth Circuit approved a quotation from 21 Louisiana Law Review 638 to the effect that the term "renewal" encompasses a matured note and the word "extension" includes an unmatured note prolonged in maturity or replaced with a new note, thus avoiding the issue whether extension or renewal constitutes property. With these pronouncements we are in complete accord.
The record reveals that appellee, a Nebraska corporation, solicited appellant's account by mail. All negotiations between the parties, including supplying forms by plaintiff to defendant, transmission of the executed loan application form and accompanying promissory note and forwarding of the appellee's check to appellant, were handled through the United States postal service.
We note that the loan application appearing of record, which defendant contends does not amount to a financial statement, elicits information relative to the amount of the desired loan, the age and marital status of the borrower, his employment, past and present, the extent of his earnings and the purpose for which the borrowed funds would be used. In addition, the application form contains the following instruction: "List other debts (including loans) that you have at present" which dictate is followed by blanks providing appropriate spaces to indicate the balance due on each obligation, the amount of the monthly payment thereon and the name and address of each creditor. In all, the form provides room for listing six creditors.
In filling out the application form, defendant, desiring a loan in the sum of $400.00 to "pay up misc. bills," listed the following obligations: $240.00 due First State Bank & Trust Co., Bogalusa, La.; $520.00 owed Home Finance Co., Bogalusa, La.; and $168.00 payable to plaintiff. Defendant failed to mention, however, the sum of $2,500.00 due a W. E. Blake, Jr., New Orleans, La.; $565.18 owed Zellco Federal Credit Union, Bogalusa, La., and a number of open accounts. It further appears that in the same month defendant made application to plaintiff, defendant also obtained a loan from King Finance Company in the sum of $400.00 but appellee did not prove the latter obligation was in existence at the time defendant made the application in question.
The bankruptcy act does not speak of a "financial statement" in the sense of a formal listing and detailing of assets and liabilities. See Albinak v. Kuhn, 6 Cir., 149 F.2d 108. Insofar as concerns the Federal Bankruptcy Act a "statement in writing respecting his financial condition" means any written reference to the assets or liabilities of the debtor seeking an extension or renewal of credit. That such a statement or reference is contained in an application form and is not a part of a complete listing of assets and liabilities is immaterial, so long as the statement is materially false, made with intent to deceive and is relied upon by the lender. The omission of a substantial debt from a list of obligations purporting to be complete is a materially false statement and excepts from discharge a debt contracted upon the faith of the statement. Beneficial Finance Company, Inc. v. Gardache, La.App., 164 So.2d 132; C H F Finance Company, Inc. v. Corca, La.App., 152 So. 2d 830; Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155.
Defendant explained his failure to list all obligations by commenting that the application form did not provide sufficient space for this purpose. It appears, however, he utilized only three of six lines available and in so doing revealed only two creditors besides plaintiff while at the same time omitting to list his two largest creditors, to one of which he owed more than twice the total debts enumerated.
*155 Prior to adoption of the aforementioned 1960 amendment, to except such a debt from discharge, the creditor was required to show that the debtor made false representations, that such representations were made with intent to defraud and that the creditor relied upon and was misled by the false statements. Liberal Finance Gentilly, Inc. v. Brister, La.App., 152 So.2d 331, and cases therein cited. Although the Brister case, supra, was decided subsequent to adoption of the amendment, we nevertheless applied the rule in force at the time the debt was contracted.
Under the rule presently in effect the plaintiff, claiming exception of the debt from the effect of bankruptcy discharge, must first show that the debtor made a materially false statement in writing respecting his financial condition. Next the creditor must establish that the statement was made, published or caused to be made or published with intent to deveive and finally, his reliance thereon.
It follows, therefore, that if appellant's statement of his obligations was materially false and made with the intent to deceive, the debt herein sued upon was not discharged by defendant's discharge in bankruptcy. This is necessarily so considering plaintiff has established its reliance upon the statement contained in defendant's application and that the loan would not have been made had plaintiff been aware of the defendant's unlisted obligations. In this regard the record is clear that the application and statement, forwarded plaintiff by mail, was all the evidence upon which plaintiff relied.
Our jurisprudence appears settled that once false representation and the creditor's reliance thereon is shown, the burden shifts to the bankrupt to establish the absence of intent to deceive. Liberal Finance Corporation v. Holley, La.App., 157 So.2d 376 and cases therein cited. Therefore, if appellant's statement was materially false, plaintiff having shown its reliance thereon, defendant must bear the burden of showing an absence of intent to deceive. On this premise the instant case turns on the single issue of whether appellant's statement was in fact materially false.
We believe the prime factor determinative of the truth or falsity of a list of debts and creditors which omits a substantial obligation, is whether the enumeration purports to be a complete disclosure or, stated otherwise, whether it pretends to list all the debtor's obligations. We have researched the numerous authorities dealing with the subject matter and find that in each instance either the debtor declared in writing that the list submitted was complete or the form on which the obligations were detailed contained statements to the effect the list comprised all debts owed by the prospective borrower or it was found or conceded by the Court that the list furnished purported to declare all obligations owed by the debtor. For example, in Liberal Finance Corporation v. Holley, La.App., 157 So.2d 376, the form on which the debtor declared his obligations contained the following clause: "I further represent, warrant and guarantee that the foregoing is my total indebtedness of every kind whatsoever, both secured and unsecured * * *."
In the case at bar the application form simply states: "List other debts (including loans) that you have at present." While plaintiff may have intended that the prospective borrower list all other obligations, it nevertheless omitted use of the word "all" or terms of other similar import. The instruction to list other debts, including loans presently outstanding, is followed by six blanks provided for the enumeration of creditors, their addresses, the balances due, and the amount of monthly payments to each. Said blanks or spaces have designations for various types of creditors, namely: "Grocer", "Furniture Store", "Appliance or Auto Supply Store", "Auto pay to (Firm)", "Loan or Finance *156 Co.", and "Other (Name)". Appellant struck out the word "Grocer" and listed in the space opposite said category his indebtedness to the First State Bank & Trust Company; under "Auto pay to (Firm)", he listed the debt due Home Finance Co.; and under "Loan or Finance Co." he set forth his existing loan from plaintiff. The remaining three blanks were left unfilled.
The hereinabove mentioned printed directions appearing on the form furnished by plaintiff would in all probability be interpreted by most knowledgeable persons as a request for a complete disclosure of all substantial outstanding obligations. Moreover, the printed directions to list other debts would no doubt have prompted many informed individuals to attach a separate list of all debts if the six spaces on the application blank were inadequate to set forth their obligations in toto. The interpretation suggested, however, is by no means the only reasonable inference to be drawn therefrom, especially by one not so well informed in matters of such nature. The direction does not specifically call for a listing of "all debts" nor does any statement or information given by the applicant indicate an intent to convey the impression that all of his obligations are in fact included. An applicant not too well informed could reasonably deduce from the wording on the application that only the classes of debts indicated thereon need be listed and that they were meant by plaintiff to be credit references only.
In 8A C.J.S. verbo Bankruptcy § 521(2), p. 1106, we find the following applicable pronouncement:
"The elements * * * which must be made to appear to justify a denial of a discharge on this ground are that the bankrupt has obtained money or property on credit, on the basis of a materially false financial statement, or statement as to bankrupt's financial condition in writing, given to the creditor or his representative for the purpose of obtaining credit on which the creditor relied in granting credit.

In order to bar his discharge, the statement must in fact be false." (Emphasis added.)
The same legal encyclopedia contains the following observations at page 1112, § 521 (5):

"A financial statement furnished a creditor by the bankrupt is materially false where it purports to be complete and omits a liability. This rule has been applied where the liability omitted was a debt owed the bankrupt's wife or some other member of his immediate family, or a relative, or a debt owed to friends. Similarly, the omission in the financial statement of a partnership of a debt owed a former partner has been held to render it materially false. The omission of creditors from a listing not represented to be complete is not materially false." (Emphasis added.)
In the absence of language appearing on the instrument indicative of plaintiff's intent to require a listing of all the applicant's debts, or at least all his principal obligations, and in the absence of statements by defendant tending to show he purported to list all his debts or at least all his substantial accounts payable, there is no "false statement in writing." An intent to deceive without a written false statement will not except the debt from discharge under this section of the statute. Sears Roebuck & Co. v. Sofio, La. App., 138 So.2d 616. Thus the elements necessary to shift the burden to the defendant to prove there was no intent to deceive, and to make the intent to deceive a relevant issue, are absent in this case.
Accordingly, the judgment of the trial court is reversed and set aside and judgment rendered herein in favor of defendant James E. Duthu and against plaintiff Dial Finance Company, rejecting said plaintiff's demand at plaintiff's cost.
Reversed and rendered.
NOTES
[*] Due to the death of ELLIS, J., after argument but before rendition, this opinion is handed down unanimously by LOTTINGER, LANDRY, REID and BAILES, JJ.