REDMANN, Judge.
Defendants appeal from a judgment which rejected their defense of discharge in bankruptcy in this suit on a promissory note.
The question is whether the debt is a liability
“for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive * * 11 U.S.C.A. § 35(a) (2).
The $1944 note sued on was executed in exchange for a $1200 loan.
Defendants had obtained a form from plaintiff which they mailed to plaintiff, and plaintiff sent its check and note form to defendants.
The form defendants first sent plaintiff is titled, in capital letters, on one side “Financial Statement”, and on the other side “These are confidential references and will not be contacted concerning your application.”
The “financial statement” side begins with the recital that, to obtain a loan, defendants “make the following statements which I represent, warrant and guarantee to be true.” There follow statements as to employment, etc., “house note”, “balance on mortgage”, “purpose of loan”. Defendants showed their mortgage balance as $4,000, and “consolidate” as the loan’s purpose.
*902 After two more lines of information, a lined rectangle over a third of a page in size provides space for “Company owed — city— security — balance—monthly payment”, with nine lines followed by a tenth bearing a capitalized “TOTAL” followed by spaces to indicate total balances and total monthly payment. To the left of this tenth line in small print is “Indicate with (x) those bills to be paid with this loan— if additional space is needed use reverse side.”
This large lined rectangle defendants left completely blank, filling in neither individual lines nor “TOTAL”.
Immediately following the large rectangle is the recital:
“I further represent, warrant and guarantee that the foregoing is my total indebtedness of every kind, whatsoever, both secured and unsecured.
“Notwithstanding any previous dealings I have had with Great Southern Mortgage & Loan Corporation, I understand that in extending credit to me it is relying entirely on the foregoing Financial Statement made by me this date, which is filled out, dated and signed by myself. ‡ * * )>
Great Southern did not in fact rely “entirely” on the “financial statement”, since it admitted it verified defendant husband’s employment and salary. But, its officer testified, it verified nothing else and made no inquiries to credit agencies, and except for employment and salary relied exclusively on the “financial statement” in making this $1200 loan to persons it had heard of only through a mail application.
We consider it a matter of law that no one could reasonably rely on a representation a borrower's “TOTAL” indebtedness is-. If the lender wishes to rely on a representation the borrower owes nothing, he should require the borrower to so represent, to make a statement in writing to that effect. See Excel Finance Baronne, Inc. v. Abadie, 152 So.2d 822 (La.App.1963).
Here, the borrowers had recited on the same side of the form they owed a mortgage balance of $4,000; and on the other side, in a place designated “Additional space for listing bills (if needed),” they listed six debts and then “Extra cash $158.-00” for a “TOTAL” of $1200, which was the amount of the loan they sought for the purpose of “consolidate”.
Thus, from its own form, plaintiff knew of $5,042 of debts of defendants, and plaintiff had no representation of any total indebtedness.
Plaintiff argues that the reverse side listing of “TOTAL” $1,200 (including $158 extra cash) should be read as if on the side on which defendants “represent, warrant and guarantee that the foregoing [a blank TOTAL] is my total indebtedness”.
We reject this argument, and hold defendants did not, by their listing on the other side, make a “materially false statement in writing” that the reverse-side list was their total indebtedness; see Dial Fin. Co. v. Duthu, 188 So.2d 151 (La.App.1966). Nor could plaintiff reasonably have relied on the reverse listing as such a total without first requiring defendants to state “in writing” that such was the case, at least by placing the total above their representation “the foregoing” was their total indebtedness.
Accordingly, we hold defendants’ debt to plaintiff was discharged by their discharge in bankruptcy, and the judgment appealed from must be reversed and plaintiff’s suit dismissed at its cost.
Reversed.