CULPEPPER, Judge.
The plaintiff finance company filed this suit as holder of a promissory note in the sum of $1,552.80 executed by defendants as makers. Defendants urge their discharge in bankruptcy as a defense. From an adverse judgment, plaintiff appealed.
The issues are: (1) Did plaintiff make the loan to defendants in reliance upon a materially false statement in writing respecting their financial condition made with intent to deceive, so as to fall within the exemption provided by the Federal Bankruptcy Act, 11 U.S.C.A. § 35(a)(2)? (d) Did defendants’ removal of the mortgaged household furnishings from the parish constitute a willful and malicious conversion of the mortgaged property, thereby exempting the debt from discharge under 11 U.S.C.A. § 35(a)(2)?
The facts are that on August 11, 1969 the defendants, Mr. and Mrs. Thibodaux, went to the office of the plaintiff finance company in Baton Rouge where they signed the promissory note in question in the sum of $1,552.80. The note represented the refinancing of the balance due on an existing loan which they had made with this same company in April of 1969, plus an advance of an additional $600 in cash. The note was secured by a chattel mortgage on household furnishings. At the time the note and mortgage were signed on August 11, 1969, the defendants signed the loan application form which is at issue in the present case, a photostat copy of which is attached to this opinion as exhibit P-5.
On October 3, 1969, defendants filed their petition in bankruptcy pursuant to which the discharge was subsequently issued. The petition in bankruptcy lists secured creditors totaling about $35,000 and unsecured creditors of about $400. Rap-ides Bank & Trust Company is listed as a secured creditor for the sum of $15,300, but the evidence shows this was the balance due on a home mortgage signed by defendants but later sold to other parties who assumed the mortgage. Another of the secured creditors is General Motors Acceptance Corporation, to whom $3,625 was owed on a chattel mortgage on an automobile. The remaining indebtednesses were principally to finance companies who *678 held mortgages on household furniture and appliances. Actually, it appears that the chattel mortgage held by the plaintiff, Custom Financing, Inc., is about a third mortgage on certain of the household furnishings, the first and second mortgages being held by other finance companies.
Plaintiff contends defendants stated in writing in their loan application on August 11, 1969 that they owed only about $3,800, when in truth and in fact, as shown by the schedules filed in the bankruptcy proceedings, defendants owed about $35,000. Plaintiff says that therefore defendants made a false statement as to the amount of their indebtedness, and that the statement was made with the intent to deceive and was relied upon by the plaintiff in making the new loan of approximately $600.
The Bankruptcy Act provides in pertinent part that a discharge shall release a bankrupt from all debts except such as “(2) are liabilities for obtaining money . on credit or obtaining an extention or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made . with intent to deceive . . . ”, 11 U.S.C.A.,. Sec. 35(a) (2).
Our jurisprudence construing these provisions holds the evidence must show that (1) the defendant made materially false representations, (2) these representations were made with the intent to deceive the plaintiff, and (3) that plaintiff ffelied upon and was misled by the false representations, X-L Finance Company v. LeDoux, 215 So.2d 164 (La.App. 3rd Cir. 1968); X-L Finance Company v. Lewis, 205 So.2d 890 (La.App. 3rd Cir. 1968); Dial Finance Company v. Duthu, 188 So.2d 151 (La.App. 1st Cir. 1966).
The first issue is whether the defendants made a false representation when they signed the loan application form which lists only Dial Finance Company and Peoples Finance Company as “Credit References” with whom they had “Past or present credit or installment transactions”. Plaintiff contends the obvious intent and purpose of the application form is that the applicant must list all of the debts which he owes. Also, plaintiff’s manager, Mr. Richard, testified that when he discussed with defendants the loan at issue he was interested in determining all of the debts which defendants owed as of August 11, 1969. But a careful reading of Mr. Richard’s testimony shows that he was not certain whether he made clear to the defendants that he wanted them to list all of the debts which they owed as of August 11, 1969.
Defendants take the position that the loan application form calls only for “Credit References” by listing either past or present credit installment transactions. Defendants point out that the form does not expressly require that the applicant list all debts owed. The attached copy of the loan application form shows defendants ara correct.
Dial Finance Company v. Duthu, supra, is similar in that the loan application form contained the instruction: “List other debts (including loans) that you have at present”. This was followed by a number of blank spaces to state the names of the creditors, the amounts owed and the amounts of the monthly payments. The court held there was no false statement. The decision states:
“In the absence of language appearing on the instrument indicative of plaintiff’s intent to require a listing of all the applicant’s debts, or at least all his principal obligations, and in the absence of statements by defendant tending to show he purported to list all his debts or at least all his substantial accounts payable, there is no ‘false statement in writing.’ An intent to deceive without a written false statement will not except the debt from discharge under this section of the statute.”
Applying the holding of Dial Finance Company v. Duthu to the present *679 case, it is apparent that the statement writing made by Mr. and Mrs. Thibodaux does not purport to list all of their debts, nor substantially all of their accounts payable. The printed portion of the statement reads: “CREDIT REFERENCES — LIST PAST OR PRESENT CREDIT OR INSTALLMENT TRANSACTIONS”. This does not expressly request a listing of “all debts”. Furthermore, Mr. and Mrs. Thibo-daux could reasonably deduce from the wording of the loan application that only “Credit References” were required. Therefore, there was no false statement, and, of course, there was no intent to deceive. in
Plaintiff’s alternative contention is that the debt was not discharged because the defendants wrongfully disposed of the household furnishings mortgaged to plaintiff as security for the loan. The facts are that the defendants were living in Lafayette, Louisiana, where they mortgaged their household furnishings to Dial Finance Company. In the early part of 1969 they moved from Lafayette to Baton Rouge. Mr. Thibodaux testified he notified Dial of the move and his account was transferred to their office in Baton Rouge.
The evidence shows that when defendants obtained the loan in question from the plaintiff on August 11, 1969, the chattel mortgage given to plaintiff on the household furnishings was by that time a third mortgage. Dial still had the first mortgage, and the evidence convinces us that the plaintiff knew this.
In the latter part of August of 1969, the defendants moved from Baton Rouge back to Lafayette. Mr. Thibodaux testified that he notified Dial Finance Company about this move and his account was transferred back to Lafayette. Thibodaux admits that he did not notify plaintiff that he. was moving the mortgaged property from Baton Rouge to Lafayette.
At the trial, Mr. Thibodaux testified he no longer has any of the mortgaged chattels in his possession except a rollaway bed. Although he did not expressly so testify, he implied that the household furnishings were taken over by Dial Finance Company as a result of the bankruptcy proceedings.
11 U.S.C.A., Section 35(a)(2) provides in pertinent part that debts are not discharged by bankruptcy where there has been a “willful and malicious conversion of the property of another.” There is jurisprudence holding that where mortgaged property given as security for a loan has been wrongfully disposed of, concealed or removed from the jurisdiction, the debt cannot be discharged in bankruptcy, Excel Finance Camp, Inc., v. Tannerhill, 140 So.2d 202 (La.App. 4th Cir. 1962); X-L Finance Company v. Adams, 187 So.2d 759 (La.App. 1st Cir. 1966).
The present case does not fall within the rule of the cited jurisprudence. Here, there was no willful or malicious removal or disposal of mortgaged property which prejudiced plaintiff’s security under its chattel mortgage. Plaintiff had only a third mortgage, and plaintiff knew this. It is doubtful that plaintiff relied on this security when it made the loan. Furthermore, Mr. Thibodaux testified that when he moved from Baton Rouge back to Lafayette he notified Dial Finance Company, who held the first mortgage. The implication from the record is that as a result of the bankruptcy proceedings Dial Finance Company acquired these household furnishings. If this is true, there was no wrongful disposal by defendants. We find the evidence is insufficient to show that there was a willful and malicious disposal or removal of the mortgage property to the prejudice of the plaintiff finance company, sufficient that their loan is exempt from the discharge in bankruptcy.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

*680